# THE SUPREME COURT

#### OF THE

# STATE OF NEVADA

## JANUARY TERM, 1918

[No. 2227]

### MARY DE REMER, RESPONDENT, v. CHARLES J. ANDERSON, APPELLANT.

[169 Pac. 737]

1. LANDLORD AND TENANT—RECEIPT—EFFECT.
   A rental receipt for a period longer than that named in the lease is only evidence of money paid, and does not establish a new consideration necessary to a modification of the lease.

2. LANDLORD AND TENANT—MODIFYING LEASE—CONSIDERATION.
   Evidence that lessee worked the demised premises from the date of the lease, although the landlord's horses were pastured on it for several weeks from such date, held not to establish a consideration for an agreement extending the lease two weeks.

3. EVIDENCE—LEASE—PAROL EVIDENCE.
   Land covered by a lease may be identified by parol evidence, but such evidence cannot supply an entire absence of description.

4. REFORMATION OF INSTRUMENTS—REFORMING CONTRACT—FRAUD.
   A written contract, in which an omission occurs through fraud or mistake, will not be reformed, in order to decree specific performance.

5. EVIDENCE—DESCRIPTION—"ANY PART."
   A lease authorizing the lessee to purchase "any part" of certain premises held too indefinite to be aided by parol evidence, and to afford the lessee no defense in a forcible entry and detainer action.

6. VENDOR AND PURCHASER—DESCRIPTION—SUFFICIENCY.
   An option contract must so describe the property that it can be identified from the instrument itself, although parol evidence is admissible to show the description's application.

7. APPEAL AND ERROR—REVIEW—FINDINGS.
   A finding supported by substantial evidence will not be disturbed, where no passion or prejudice on the trial court's part is indicated.

8. JURY—WAIVING RIGHT TO—SETTING ASIDE.
   Where the right to a jury trial is waived by oral consent in open court, entered in the minutes pursuant to Rev. Laws, 5226, setting aside such waiver rests in the trial court's discretion.

9. JURY—WAIVER OF RIGHT—SETTING ASIDE.
   The trial court did not abuse its discretion in refusing to set aside a waiver of jury trial made in open court, where the application was not made until the trial.

APPEAL from Second Judicial District Court, Washoe County; *R. C. Stoddard,* Judge.

Unlawful detainer action by Mary De Remer against Charles J. Anderson. Judgment for plaintiff, and defendant appeals. **Affirmed** (COLEMAN, J., dissenting).

*M. B. Moore* and *J. M. Frame,* for Appellant:

Judgment in the lower court should have been entered for the appellant, for the reason that the term to which the lease had been extended by the act of the respondent had not expired when this action was commenced; the appellant at the time of the commencement of the action was rightfully in the possession of the premises, and the action was premature. It is well settled that an action of unlawful detainer will not lie until after the expiration of the time for which the premises have been leased, or to which the lease may have been extended. (*Ray* v. *Armstrong,* 4 Cal. 208; *Rogers* v. *Hackett,* 49 Cal. 121.)

That is not uncertain which can be made certain. The contract having conferred upon appellant the right to elect as to the part of land he would purchase, it provided a means by which the portion he might elect to purchase could be ascertained. Mutual agreement of the parties, the designation by them of a particular portion of a larger tract, and the purchaser taking possession thereunder, cures any uncertainty in the written agreement, and such a contract can be enforced in specific performance. (36 Cyc. 595.)

Courts of equity will specifically enforce agreements

for the sale of real estate to the same extent that courts of law will enforce contracts and award damages for their breach. The specific enforcement of such contracts does not depend upon the circumstances of the particular case, but in all cases will be enforced as a matter of course where the same is based upon a sufficient consideration and is sufficiently certain in its terms to enable the court to enforce the specific performance thereof. (*Schroeder* v. *Gemeinder*, 10 Nev. 355; 36 Cyc. 549, 552.)

*A. A. Heer* and *James Glynn*, for Respondent:

The appellant's payment of the rent at the time for the alleged extension agreement did not constitute a new and sufficient consideration for the extension. This payment and the time of its making were both obligatory upon him by reason of the original contract, and therefore did not form a consideration for any new and additional contract. (1 Beach on Contracts, secs. 6, 165, 168; 1 Underhill, Landlord and Tenant, 255; *Robinson* v. *Hyer*, 17 South. 745; *Hasbrouck* v. *Winkler*, 6 Atl. 22.)

The option, as to the "any part" at least, was void for uncertainty. The rule in specific performance cases is that "the description must be such as to enable the court to determine with certainty, with the aid of such extrinsic evidence as is admissible under the rules of evidence, what part of the property was intended by the parties to be covered thereby." (36 Cyc. 591.) Even if there had been a specification of the number of acres to be covered by the option, the option would still be void for uncertainty. (36 Cyc. 592.)

Even had appellant been specifically given the right of selection by the contract in question, it is incumbent upon him to show that his selection is reasonable and not arbitrary; he must show that the price named by the contract is fair and reasonable for the particular land selected. The land selected might have been worth many times per acre the value of the land rejected. (*Windsor* v. *Miner*, 124 Cal. 492.) The contract gave appellant no right of selection. The option portion of the contract is

absolutely void and could not be specifically enforced, for the reason that no land is designated by the words "any part," and there is no way pointed out by which the land intended can be determined. (*Luttrell* v. *Whitehead*, 48 S. E. 691; *McSwain* v. *Ricketson*, 58 S. E. 655; *Richardson* v. *Perrin*, 66 S. E. 899; *Estes* v. *Winn*, 71 S. E. 470; *Clayton* v. *Newberry*, 76 S. E. 63; *Wetmore* v. *Watson*, 97 N. E. 237; *Greer* v. *Rhyne*, 69 N. C. 247; *Brix* v. *Ott*, 101 Ill. 70; *Windsor* v. *Miner*, 124 Cal. 492; 36 Cyc. 592.)

By the Court, MCCARRAN, C. J.:

This was an action for unlawful detainer. It appears that on the 14th day of March, 1914, a lease was entered into between the appellant and respondent here, pursuant to which instrument appellant took possession of the premises, a part of which is involved in this controversy. The lease on the premises contained, among other things, the following provisions:

"That the said party of the first part, for and in consideration of the amount herein mentioned and the terms and conditions hereinafter stated, hereby leases and lets to the said party of the second part all of her home ranch, the same consisting of about sixty acres of land and lying south of Reno, in Washoe County, Nevada, on the Virginia road to the Corcoran ditch, and extending on the south from the Haynes ranch northerly to what is known as the South Side drain ditch. This lease is to be in force and effect and to extend for one year from the date hereof, or to and including the 14th day of March, 1915.

"It is understood and agreed that this lease is extended for another four years or from the 14th day of March, 1915, to and including the 14th day of March, 1919, on the south ten acres, more or less, which said south ten acres extends from the Haynes ranch north to the irrigating ditch used by Menke. The said party of the second part is to pay for the use of the said land herein leased for the first year, or until the 14th day of March, 1915, the price and sum of $375 in cash. Said

$375 is to be paid as follows: $100 on or before April 10, 1914, and $275 on or before the 1st day of November, 1914.

"It is understood and agreed by and between the parties hereto that the said second party is to pay for the use of the south ten acres for the term of four years and extending from March 14, 1915, until March 14, 1919, the price and sum of $150 per year. Said sum and amount is to be paid $75 on or before the 10th day of April, and $75 on or before the 1st day of November, of each and every year during the life of said lease.

"It is understood and agreed by and between the parties hereto that said first party hereby gives and grants to the second party an option or right to purchase all or any part of the land herein leased which lies south of the fence on the south side of the orchard running due west from the Virginia road to the Corcoran ditch, and extending southerly to the Haynes ranch and containing twenty acres more or less. This option or right to purchase is for the term of five years from date hereof, or to and including the 14th day of March, 1919.

"It is further understood that, if the said party of the second part does at any time during the life of this option elect to exercise his right of option and to purchase the said property or any part thereof, he may do so by paying therefor the price and sum of $300 per acre cash, or such as he elects to purchase during the life of the option."

On October 29, 1914, pursuant to the terms of the lease, appellant visited the home of respondent and there paid the amount specified in the lease as the last payment, to wit, $275. On that date a receipt was given, and this instrument, as admitted in evidence, reads as follows:

"October 29, 1914.

"Received of Charles J. Anderson, two hundred and seventy-five dollars, in full for rent on De Remer ranch for one year to the first of April, 1915.

"275.00                    Mary De Remer."

It will be noted that that which is designated in the lease as the south ten acres, being demised to the appellant by the terms of the lease for a period of five years, or until March 14, 1919, is not involved in this controversy.

Appellant here contends that the action was prematurely commenced in the court below, inasmuch as it was instituted prior to the 1st day of April, 1915. In this respect appellant contends that the time within which appellant should have possession of the premises pursuant to the terms of the lease was extended by the mutual agreement of the parties, and that this is evidenced by the receipt of October 29, 1914, containing the words "to the first of April, 1915." The record as it is before us as to all matters of fact presents sharp conflicts in the evidence. Respondent here, in testifying in the trial court, denied the existence of the receipt of October 29 in the form in which it was presented; that is, containing the words "to the first of April, 1915." She admitted having signed the receipt, but contended that at the time of the placing of her signature to the instrument it terminated with the words "one year."

1. Primarily it may be said that the receipt here in question was but an evidence of money paid by appellant and received by respondent. It in no wise referred to the lease pursuant to which the money was paid, nor did it set up or estabish new or different consideration sufficient to validate a new contract, or one varying the terms of the old. This latter was a prime essential. (*Robinson* v. *Hyer,* 35 Fla. 544, 17 South. 745.) The holding over by the appellant from the 14th day of March, 1915, to the 1st day of April of that year, could only be pursuant to a valid agreement or contract by which the terms of the old contract were extended.

2. It is the contention of appellant that the relation of possession by respondent of the leased premises for a period of time after making of the lease, to wit, from the 14th day of March to the 1st day of April, 1914,

and the depriviation to appellant of the possession of the premises for that period, constituted the consideration by reason of which the lease was extended, as evidenced by the receipt from the 14th day of March 1915, to the 1st day of April. This contention of appellant, if it were supported by the evidence, might have some stability, for it is a rule eminently recognized that a consideration emanating from some injury or inconvenience to the one party, or from some benefit to the other, is a valuable consideration (*Conover* v. *Stillwell*, 34 N. J. Law, 54; Story on Contracts, 429; Parsons on Contracts, 431); but the element of inconvenience or injury to the one party or the convenience to the other, when the same is controverted, is a matter of fact, to be determined as any other element. Such may be inquired into, and, if the inconvenience to the one or the convenience to the other is not supported by the proof, the element of consideration based upon such facts falls. (*Conover* v. *Stillwell, supra.*)

The evidence in this case bearing upon the question of the inconvenience to appellant, affected by his failure to secure possession of the premises between the 14th day of March, 1914, and the 1st day of April of that year, is, to say the least, unsatisfactory. It was testified by the respondent and by the witness Brewington that appellant had immediate possession of the premises on and after the 14th day of March, 1914. In fact, appellant himself testifies to his having put a man to work on the premises, and nothing is presented by the record which would indicate that the respondent did anything the nature of which would be to deprive appellant from taking possession. It is claimed that during the interim between the 14th day of March and the 1st day of April, 1914, certain horses were pastured on the premises, and that the respondent had collected the pasturage for the same. If this be true it constitutes a separate matter, involving a right and a remedy of which appellant could have availed himself. Everything being considered, we

are unable to find wherein the action for unlawful detainer was prematurely instituted.

3–6. It is the contention of appellant that, inasmuch as the lease pursuant to which he obtained possession of the premises granted him an option or right to purchase "all or any part of the land   *   *   *   leased which lies south of the fence on the south side of the orchard," etc., and further granted him the right to exercise such option or right to purchase at any time within five years, or to and including the 14th day of March, 1919, and he having elected to purchase a certain designated tract included within the premises described and containing 5.21 acres, and having tendered the purchase price thereof pursuant to the terms of the lease, it was error for the trial court to refuse to allow appellant to prove that he was put into possession of that portion of the land sued for.   Further, it is contended in this respect that, inasmuch as the judgment for rental was based upon an acreage including this 5.21 acres so selected, the judgment to that extent was excessive, and the rental fixed exorbitant.   In this respect the respondent argues, and we think correctly, that, had appellant in view of the terms of the lease, sought to purchase all of the tract of land, the expression "all or any part," as set forth in the lease, might have been a sufficient description; but, inasmuch as appellant elected to purchase only a fractional portion of the tract of land, to wit, 5.21 acres arbitrarily selected by him, the language of the lease constituted no description whatever.   It is a doctrine well established with reference to the introduction of oral evidence explanatory of ambiguities in written instruments of a nature such as the one involved here that, where there is a description of some sort, which description may be made intelligibly definite by evidence *aliunde,* parol evidence may be introduced to identify the land or premises in the contemplation of the makers of the instrument.   But the rule is universal that courts will not, for the purpose of decreeing a

specific performance, reform a written contract in a case of omission through fraud or mistake. It is doubtful or ambiguous terms only that may be clarified by evidence *aliunde*. But the entire absence of terms of description or definition will not be supplied by parol evidence. (*Crockett* v. *Green*, 3 Del. Ch. 466.)

The case of *Rampke* v. *Beuhler*, 203 Ill. 384, 67 N. E. 796, affords an illustration of an application of the rule which we deem applicable here. There the agreement between the parties reads:

"Claus Eggers and Ester Eggers herein agree to deed to William Beuhler, of Harvey, Cook County, Illinois, four lots, 25 feet by 150 feet deep, in either section 8 or 9, town 36 north, range 14 east of the third principal meridian, in Cook County, Illinois, for his assistance in case of *Mohr et al.* v. *Eggers et al.*, to be on the road north side of said land."

The court, in reviewing the question of law applicable to the admissibility of parol evidence for the purpose of establishing the tract of land, said:

"A description of land may be sufficient if a surveyor can locate it with or without the aid of extrinsic evidence, and where a sufficient description is given, parol evidence may be resorted to to locate the premises, but where there is no description, and the uncertainty is patent, parol proof cannot be permitted to show what was intended."

Continuing, the court says:

"In this case the lots agreed to be conveyed could not be ascertained or identified, and, as a matter of fact, had no existence. * * * In specific performance of a contract the province of the court is to enforce the contract which the parties have made, and not to make a contract for them and then enforce it."

In the case of *Reed* v. *Lowe*, 8 Utah, 39, 29 Pac. 740, the agreement pursuant to which specific performance was sought to be enforced read thus:

"Also do I sell to N. K. Ardahl a part of my lot on the

bench, size 6x10 rods deep, to be taken either way from my house, for the sum of $75 per rod, or, if it is taken 6x20 rods, for the sum of $100 per rod; in either case on the following agreement," etc.

The court, in passing upon the matter, held, in conformity with the general rule, that a description is regarded as sufficiently definite and certain when it contains a reference from which it can be made certain. The description there was held to contain no reference from which definiteness could be established. The contract was held void for uncertainty. That case is an expression of the rule that parol evidence is not admissible to supply that which is lacking in the contract by reason of which the indefiniteness resulted.

In the case of *Knight* v. *Alexander,* 42 Or. 521, 71 Pac. 657, the description in the agreement was 100 acres of land off the west end of a certain tract of land lying along Lake Labish. There the court, while reviewing many cases applicable to the question here, said:

"Courts do not permit parol evidence to be given to describe the property intended to be included in the contract, and then apply such description to the terms thereof."

To the same effect are the cases of *Omaha Loan & Trust Co.* v. *Goodman,* 62 Neb. 197, 86 N. W. 1082, and *Nippolt* v. *Kammon,* 39 Minn. 372, 40 N. W. 266, and *Wiegert* v. *Franck,* 56 Mich. 200, 22 N. W. 303.

Following the rule of the admissibility of parol evidence under such circumstances as laid down by courts and chancellors in so many instances, the trial court in this instance ruled correctly in excluding evidence bearing upon the selection of a 5.21-acre tract contended by appellant to be excluded from the effect of this suit.

As we have already intimated, had the appellant exercised the option to purchase the entire tract involved in this controversy, and in so exercising had complied with the terms of the lease, a different question would be involved. The term "any part," used in the lease, having no fixity as to amount, position, boundary, or form, was

so indefinite that parol evidence could not, under the rule, be resorted to for its establishment.

We are referred by appellant to the case of *Schroeder* v. *Gemeinder*, 10 Nev. 355. There Mr. Justice Hawley, speaking for this court, referred approvingly to the decision of the Supreme Court of California in the case of *De Rutte* v. *Muldrow*, 16 Cal. 513, wherein that court had before it a controversy in which was involved an instrument of lease containing the provision:

"That the said Muldrow shall have the privilege of purchasing any part of said land during the continuation of this lease, at its value in preference to any other persons."

It will be observed that neither the Schroeder case nor the De Rutte-Muldrow case is of assistance to us in determining the question here involved. Indeed, it may be said that neither of these cases holds contrary to the view we have heretofore expressed in conformity with the authorities cited. In neither of these cases does the court attempt to discuss the validity of the contract from the standpoint of uncertainty as to the premises described. In the Schroeder case the premises were specifically and definitely fixed by the description, while in the Muldrow case the controversy turned on the right of the lessee to purchase any part of the premises when such part had been designated and offered for sale to third parties. The case rather turned on the right of one to make such contract. The question of definiteness of the premises involved was not before the court, as we read the decision.

The uncertainty existing with reference to the option sought to be established by the lease here in question exists not only with reference to the description and amount of the land to be selected, but equally so with reference to the manner of selection or as to who was to make such selection. Appellant contends that by this language the meaning conveyed was that he alone had the right to make the selection as to the part which he would elect to purchase. But the language used fails

to affirm this contention. It might with equal propriety be claimed by respondent that she should make the selection, and under such circumstances would it be contended that appellant was bound to purchase the part selected by respondent for sale at the price stipulated? The appellant is not designated as the party to make the selection any more than is the respondent. The indefiniteness as to this phase has more than one aspect.

Our attention has also been directed to the case of *Fleishman* v. *Woods,* 135 Cal. 256, 67 Pac. 276, wherein the Supreme Court of California dealt with the question here presented, and we deem that case worthy of comment, only for the purposes, however, of differentiation. In that case Fleishman brought his action to quiet title to a certain ten-acre tract of land. At a subsequent date the defendant, Woods, filed a cross-complaint praying for the specific performance of a certain contract relating thereto. This contract, made the basis of the cross-complaint, was entered into between the plaintiff, Fleishman, and a third party, and provided that upon the third party's performing certain conditions he should, at the end of three years, become entitled to a conveyance "of 4½ acres of the west half of said 10 acres, *to be selected by the plaintiff.*" The court, in dealing with the specific question, said:

"There is no uncertainty as to the manner in which the selection is required to be made, nor do we see any lack of power in a court of equity to compel the selection to be made."

It will be noted that by the cross-complaint in that case the defendant sought to compel the plaintiff to do that which by his contract he had agreed to do, namely, to select the number of acres designated. In the matter at bar the party to make the selection is unnamed and unindicated. Where the terms and conditions of the contract between the parties here at all analogous to those referred to by the court of California in the Fleishman-Woods case, we would have no hesitancy in concurring

in the rule there asserted. Whatever may be said as to the doctrine laid down in *Fleishman* v. *Woods, supra,* the correct rule, and that which is in conformity with greater weight of authority, is to be found in the case of *Eaton* v. *Wilkins,* 163 Cal. 742, 127 Pac. 71, where the Supreme Court of California, speaking through Mr. Justice Melvin, said:

"The description in the contract must be sufficient to bind interested parties, and cannot be made to depend for its very existence upon the subsequent action of one of them."

Our attention has been directed to the case of *Repetto* v. *Baylor,* 61 N. J. Eq. 501, 48 Atl. 774. The case was there brought before the chancellor on motion to dismiss under rule. On such motion it was held that the facts alleged in the bill of complaint were to be taken as true. In the light of this rule the court held that specific performance would be required; but the contract as set forth, together with the allegations of the bill in equity, established an agreement between the parties whereby the vendor was to convey 138 lots, "the same to be chosen and designated by the said R., and said lots to remain as now marked upon map made by Morris Hillman," etc.; further, that at the time of making the contract the vendee, by the vendor's direction, marked on the map designated the 138 lots referred to in the contract. In that case the contract entered by the parties, together with the map setting forth the marked selections, became a part of the bill in equity, and the court said:

"In the contract and map exhibited in the amended bill it appears that certain ascertained lots were originally selected by both parties, and that there was an agreement of both that, in case any of them had been previously sold, one party should choose an equal number from those indicated in the same blocks to take their places. Here was an exact designation of a number of lots, and an agreement whereby, in case any selected could not be conveyed for want of title, one party only

should choose enough other lots from the defined limits to fill the number. The minds of the parties had come to a final agreement upon the subject-matter of the sale; the vendor agreeing, in a named contingency, that the vendee should select what a part of it should be. Nothing remained to be done between them as negotiating contractors. It was always in the power of either to enforce the contract—the vendor, by requiring payment of the price; the vendee, by selecting the number of lots necessary to supply the deficiency and requiring conveyance."

The rule, as asserted by some commentators and courts, that a contract giving one of the parties the right of selection of the lot or lots to be conveyed is not incapable of specific performance, would be applicable here, if the conditions of the contract or the facts presented were in keeping with the rule. In the matter at bar the absence of designation in the contract as to who was to make the selection constitutes an element which removes this case from the rule referred to.

We would close the question with the assertion of a rule which, directly applicable and eminently just under the requirement of the statute of frauds, will serve to recapitulate our views as heretofore set forth: The description of real property in an option contract must be so set forth in the writing that it can be identified from the instrument itself. Parol evidence is admissible for no other purpose than to show the application of the description, as given in the instrument, to the particular property intended to be conveyed by and described therein. Exclusion of all other property from the effect of the agreement is primarily the purpose of admitting such evidence at all. Not for the purpose of furnishing or supplying a description is parol evidence admissible, but only to identfy that which the agreement describes. (*Barnes* v. *Rea,* 219 Pa. 287, 68 Atl. 839; *Heyward* v. *Bradley,* 179 Fed. 325, 102 C. C. A. 509; *Wadick* v. *Mace,* 191 N. Y. 1, 83 N. E. 571; *Bauer* v. *Lumaghi Co.,* 209 Ill. 316, 70 N. E. 634; *Broadway*

*Hospital and Sanitarium* v. *Decker,* 47 Wash. 586, 92 Pac. 445; *Tippins* v. *Phillips,* 123 Ga. 415, 51 S. E. 410; *Eaton* v. *Wilkins, supra.*)

It is our conclusion here that that portion of the lease which attempted to confer an option or right to purchase "any part" of the leased premises herein involved, being void for indefiniteness, was therefore not enforceable; and evidence offered for the purpose of establishing selection by the appellant of a fractional tract included within the whole of the premises leased and less than all of such premises, as well as evidence going to establish tender of money as payment for the same, was properly excluded by the trial court.

The trial court found that the monthly value of the rental and profits of the premises involved and held over by appellant was the sum of $62.49. The court found, among other things, that while the appellant was in possession of the premises, and holding the same over, he caused large portions of the land, bearing valuable crops, to be frequently inundated and flooded with water, and had damaged the premises by allowing large quantities of water to remain standing on the land, thereby impairing its productive qualities. The court assessed the damages, including the rental value of the land, at $702.08. There is a substantial conflict appearing in the record as to the element of rental value of the premises and as to the damage accruing thereto by the acts of appellant.

7. In view of the long-established rule of this court not to disturb a finding of the trial court on a matter of fact, where there is substantial evidence to support it, and further, in view of the fact that in assessing the damages and fixing the rental value we find nothing which would indicate the slightest element of passion or prejudice on the part of the trial court, we do not find ourselves justified in doing other than sustaining the judgment rendered.

8, 9. Error is assigned to the action of the trial court in denying appellant a trial by jury. It appears that at

the time of the setting of the case, and approximately
two weeks before the date of trial, duly authorized coun-
sel for both appellant and respondent appeared in open
court and waived a jury trial. Nothing further appears
to have been done in this respect until the day and at
the hour set for the trial, at which latter time new and
additional counsel appeared for appellant and asked for
trial by jury, which request was denied. The constitu-
tion of this state provides (art. 1, sec. 3) :

"The right of trial by jury shall be secured to all and
remain inviolate forever; but a jury trial may be waived
by the parties in all civil cases in the manner to be pre-
scribed by law. * * * "

Section 5226, Revised Laws, being section 284 of our
civil practice act, provides:

"Trial by jury may be waived by the several parties
to an issue of fact in actions arising on contract, or for
the recovery of specific real or personal property, with
or without damages, and with the assent of the court, in
other actions, in the manner following:

"1. By failing to demand the same at or before the
time the cause is set for trial or to appear at the trial.

"2. By written consent, in person or by attorney, filed
with the clerk.

"3. By oral consent in open court, entered in the
minutes."

Were this other than a case for the recovery of specific
real property with damages for wrongful retention, we
might, in view of the language of the statute, regard the
question differently. The waiver entered into by coun-
sel for the appellant through his attorney in the first
instance was such as is contemplated by subdivision 3
of section 5226, Revised Laws; that is, "oral consent in
open court entered in the minutes." Trial by jury hav-
ing been waived in the first instance by counsel for
appellant, it was within the discretion of the trial court
to thereafter, upon motion or request, disregard or set
aside the waiver theretofore entered and try the case
by jury. Hence what we are called upon to determine
here is rather as to whether the trial court abused its

discretion in refusing to set aside the waiver of jury theretofore entered. While in our judgment the better policy under such circumstances, if no material injury or delay were caused or occasioned, would be for the trial court to have set aside or disregarded the waiver and called in a jury, we find no ground upon which to hold that the trial court in this instance was guilty of abuse of discretion in refusing so to do. (*Ferrea* v. *Chabot,* 121 Cal. 233, 53 Pac. 689, 1092; *Swasey* v. *Adair,* 88 Cal. 179, 25 Pac. 1119.)

The judgment and order appealed from are affirmed. It is so ordered.

COLEMAN, J., dissenting:

I dissent.

The agreement entered into between the parties described in detail the entire tract of land leased to appellant, and gave him an option or right to purchase "all or any part of the land herein leased which lies south of the fence, * * * containing twenty acres, more or less." It is a general rule that contracts capable of being made certain will be specifically enforced. (26 Ency. Law, 2d ed. p. 38.) Since the twenty-acre tract is sufficiently described, two questions arise: First, did the agreement confer upon the lessee the right to select? Secondly, was the 5.21 acres selected by the lessee capable of being made certain? The twenty-acre tract being clearly described, there can be no doubt in my mind but that the 5.21 acres selected by the lessee was capable of being made certain, and was made certain by the acts of the lessee. I think this view is sustained by the authorities. (*Fleishman* v. *Woods,* 135 Cal. 256, 67 Pac. 276; 36 Cyc. 595, note 4; 26 Ency. Law, 2d ed. 36.) I am also of the opinion that no other construction can be put upon the language used except that the lessee should have the right to select. If he be given the option to purchase "any part" of the twenty-acre tract, it is evident to my mind that the parties must have contemplated that the mental process of selection should be exercised by the lessee.

As to the case of *Eaton* v. *Wilkins,* which is quoted from in the prevailing opinion, the option agreement gave no further description of the land than "our land of 1,060 acres." It did not name the county and state in which it was situated. The court in that case said:

"The contract here pleaded is one which in and of itself gives no clue.to the property involved, and the complaint states no facts which would clarify the obscure references therein contained."

It was in view of this situation that the court said:

"The description in the contract must be sufficient to bind interested parties, and cannot be made to depend for its very existence upon the subsequent action of one of them."

The court evidently intended to lay down a rule applicable to the facts of that particular case. I am of of the opinion that the language of Lord Halsbury, which we quoted in *Jensen* v. *Pradere,* 39 Nev. 466, 159 Pac. 55, is of striking application in construing the language last quoted. The quotation alluded to reads:

"Every judgment must be read as applicable to the particular facts proved, or assumed to be proved, since the generality of the expressions which may be found there are not intended to be expositions of the whole law, but governed and qualified by the particular facts of the case in which such expressions are to be found. A case is only an authority of what it actually decides. I entirely deny that it can be quoted for a proposition that may seem to follow logically from it."

If the court (in *Eaton* v. *Wilkins*) had not used the language referred to in this sense, I am of the opinion that it would have expressly overruled the case of *Fleishman* v. *Woods, supra.* If the Eaton case is to be construed as contended in the prevailing opinion, then should A give B a lease for one year upon two adjoining town lots, both of which are described by the number designated in the recorded plat of the town, and also by metes and bounds, and in the agreement of lease an option is given B to purchase the entire tract leased, or

either of the lots described, as he may elect, an action for specific performance would not lie in case he elected to purchase one of the lots only, because his right to do so would depend upon the "subsequent action of one of" the parties, namely, the designating of the lot he elected to buy.

I cannot give my assent to any such rule.

ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.