## PETSEL v. RILEY.

### No. 14485.

United States Court of Appeals,
Eighth Circuit.

Dec. 21, 1951.

See, also, Petsel v. Chicago, Burlington & Quincy R. Co., D.C., 101 F.Supp. 1006.

D. C. Nolan, Iowa City, Iowa (William M. Tucker, Iowa City, Iowa, on the brief), for petitioner, Rose E. Petsel, executrix.

John Hale, Burlington, Iowa (J. C. Pryor, J. C. Riley, Clark, Pryor, Hale, Plock & Riley, Burlington, Iowa, and Lane & Waterman, Davenport, Iowa, on the brief), for respondent.

McDonald & McCracken, Davenport, Iowa, on the petition of defendant Robert N. Baker.

Before SANBORN, WOODROUGH and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The petitioner, Rose E. Petsel, Executrix, asks this Court to issue a writ, under § 1651, Title 28, U.S.C.A., directing the Honorable William F. Riley, United States District Judge for the Southern District of Iowa, to grant her a jury trial of all of the issues of fact in a wrongful death case in which she is the plaintiff and the Chicago, Burlington & Quincy Railroad Company and Robert N. Baker are defendants. The case is pending in the United States District Court for the Southern District of Iowa, having been removed to that court from the state court of Iowa in which the case was commenced. The defendant Baker has also filed a petition for a writ requiring the respondent to grant a jury trial of the case.

At the foot of her complaint, filed in the state court, the plaintiff had requested a jury trial of her case. After the case was removed to the federal court, she filed no demand for a jury trial within ten days after service upon her of notice of the filing of the petition for removal. Neither of the defendants filed a demand for a jury trial. The defendant Baker asserts that he made no demand for such a trial because he relied upon the sufficiency of the plaintiff's request filed in the state court. The defendant Railroad Company moved to strike the case from the list of cases to be tried by jury. The plaintiff and the defendant Baker assert that the plaintiff's request for a jury trial in the state court entitled them to a jury trial in the federal court. Judge Riley ruled that, having failed seasonably to demand a trial by jury in the federal court in conformity with Rule 81(c) or Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiff was not entitled to a jury trial. The motion of the defendant Railroad Company was granted and the case was ordered stricken from the list of cases to be tried by jury.

The plaintiff and the defendant Baker contend that the ruling and order of Judge Riley is erroneous, that their right to a jury trial is clear, and that this Court should grant the writ prayed for. The plaintiff cites Canister Co. v. Leahy, 3 Cir., 191 F.2d 255, Abbe v. New York, New Haven & Hartford Railroad Co., 2 Cir., 171 F.2d 387, Ex parte Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094, and United States Alkali Export Association, Inc., v. United States, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554, in support of her contentions.

The order complained of, whether right or wrong, is not appealable nor subject to review or reversal in mandamus proceedings. Larsen v. Nordbye, 8 Cir., 181 F.2d 765, 766. The instant case, we think, differs in no controlling respects from the case of Hydraulic Press Manufacturing Co. v. Moore, 8 Cir., 185 F.2d 800. Section 1651, Title 28, U.S.C.A., "can, of course, not be availed of to correct a mere error in the exercise of conceded judicial power." De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 1133, 89 L.Ed. 1566. This Court has consistently ruled that it may not in mandamus proceedings direct a district judge how to try a case, nor review and reverse an order made by him in the exercise of his jurisdiction, provided the order does not impair or defeat the appellate jurisdiction of this Court.

We take the liberty, however, of directing the attention of the District Court and the parties to Rule 6(b) (2) of the Federal Rules of Civil Procedure, which permits the court, on the ground of excusable neglect, to enlarge the time for filing a demand for a jury trial beyond that provided by Rule 81(c) or Rule 38(b). Since the plaintiff and the defendant Baker could reasonably have believed that they were entitled to a jury trial of the case because of the plaintiff's demand filed in the state court prior to the removal of the case, and since the defendant Railroad Company was advised by that demand that the plaintiff desired a trial of the case by a jury, we think no useful purpose could be served

by compelling the plaintiff to preserve for review on appeal to this Court from a final judgment the question whether she and the defendant Baker had waived their rights to a jury trial because the plaintiff failed to renew her demand after the case was removed. Abortive trials are to be avoided, and Rule 1 of the Federal Rules of Civil Procedure requires that the rules be construed so as "to secure the just, speedy, and inexpensive determination of every action."

The petitions for a writ of mandamus are denied, but without prejudice to application by the plaintiff and the defendant Baker to the District Court for an enlargement of the time for filing a demand for a jury trial in that court and a motion to restore the case to the jury list.