CLAUDE WALTON and NORMA WALTON, Petitioners, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, and the HONORABLE PAUL S. GOLDMAN, Judge, Department X of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, Respondents.

No. 10784

November 10, 1978                                586 P.2d 309

*Jones, Jones, Bell, Close & Brown,* Las Vegas, for Petitioners.

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an original proceeding in mandamus. The petitioners, Claude and Norma Walton, seek a peremptory writ directing the respondent, Honorable Paul S. Goldman, District Judge, to grant them a jury trial and to permit the testimony of their expert witness, Dr. James Wilson Mosley, in the trial, the proffered testimony to be presented by video taped deposition.

1. The Waltons commenced the underlying action against Blood Services of Texas to recover damages allegedly resulting from Blood Services' negligent screening of blood donors.

A "Note for Trial Docket" signed by counsel for Blood Services was filed with the clerk. That "note" contained a form inquiry, "Is jury demanded?", which was answered affirmatively.

The Waltons did not file a demand for a jury trial, claiming reliance on the "note" filed by Blood Services, which had been served on them. They state in the instant petition that two years later they learned that there had been no separate demand for a jury trial by Blood Services and that Blood Services had failed to advance the appropriate jury fees as required by NRCP 38(b), (c) and (d).

Thereafter, the Waltons filed in the district court a "Request for Clarification of Defendant's [Blood Services] Demand for Jury Trial, or, in the Alternative, Motion for Trial by Jury on All Issues." Blood Services opposed the motion on the ground that no timely demand for a jury had been made in accordance with NRCP 38, *supra.* Judge Goldman agreed and denied the Walton's motion. Judge Goldman also, summarily and without explanation, granted Blood Services' motion in limine to exclude the testimony of the Waltons' expert witness, Dr. James W. Mosley.

2. A writ of mandate will be issued only "to compel the performance of an act which the law especially enjoins as a duty resulting from office" (NRS 34.160), and "it is not the province of an extraordinary writ, such as prohibition or mandamus, to control the judicial discretion of a district court." Houston Gen. Ins. Co. v. District Court, 94 Nev. 247, 578 P.2d 750, 751 (1978); *accord,* Pinana v. District Court, 75 Nev. 74, 334 P.2d 843 (1959).

In the case at hand, petitioners seek to challenge Judge Goldman's ruling excluding the testimony of their expert witness, on the ground that the witness should have been found competent

to testify, pursuant to NRS 50.275.[1] "The determination of the competency of an expert witness is largely in the discretion of the trial judge." Levine v. Remolif, 80 Nev. 168, 172, 390 P.2d 718, 720 (1964).

Petitioners rely heavily upon Brown v. Colm, 522 P.2d 688 (Cal. 1974). In *Brown,* the Supreme Court of California found an abuse of discretion justifying reversal in the exclusion of an expert witness. The case was, however, decided on appeal from an order granting a defendant's motion for nonsuit, and not on a petition for mandamus. In fact, that same court has held: "Neither a writ of prohibition nor a writ of mandate may be used to resolve an issue as to the admissibility of evidence." Ballard v. Superior Court of San Diego County, 410 P.2d 838, 841 (Cal. 1966). As Mr. Justice Peters noted in explanation of the rule: "It is elementary that a trial judge has the jurisdiction to decide matters before him erroneously as well as correctly. That is one reason why we have appellate courts." People v. Superior Court, 289 P.2d 813, 814 (Cal.App. 1955), quoted in Ballard v. Superior Court of San Diego County, *supra.*

Petitioners rely on Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964), directing an entry of summary judgment, for the proposition that, in certain instances, this court will consider an abuse of discretion by a district judge as an appropriate basis for issuance of a writ of mandate. Petitioners' reliance is misplaced. *Dzack* does not represent a departure from the general rule enunciated above. This court there held that under certain circumstances "NRCP 56(e) makes it the *duty* of the district court to enter summary judgment in favor of [a] defendant. Its act, therefore, in ruling on a motion for summary judgment under these circumstances is *not discretionary." Id.,* 80 Nev. at 349, 393 P.2d at 612 (emphasis added).

Petitioners have cited no rule or case which would indicate that the decision of a trial court to admit or exclude expert opinion testimony is not discretionary. Whether that discretion has been abused is not, under the prior holdings of this court, a question properly addressed in a petition for a writ of mandate.

3. On the other hand, it is clear that in ruling upon a request for a jury trial, the court's discretion is not unlimited. The Nevada Rules of Civil Procedure provide: "When a trial by jury has been demanded *as provided* in Rule 38, the action

[1]NRS 50.275 provides:

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by special knowledge, skill, experience, training or education may testify to matters within the scope of such knowledge."

*shall* be designated as a jury action." NRCP 39(a) (emphasis added). Petitioners' contention that such a demand was made in this case must therefore be addressed on the merits. *See* Goldblatt v. Inch, 203 F.2d 79 (2d Cir. 1953).

NRCP 38(b) provides: "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than the time of the entry of the order first setting the case for trial." Subsection (d) of NRCP 38 further provides, in pertinent part:

> The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d)[2] and to deposit the fees required by this rule constitutes a waiver by him of trial by jury. At the time a demand is filed as required by Rule 5(d), the party demanding the trial by jury shall deposit with the clerk an amount of money equal to the fees to be paid the trial jurors for their services for the first day of the trial. . . .

Petitioners do not contend that they have met the requirements of NRCP 38 by filing such a demand for a jury trial. Instead, they suggest that Blood Services' response on the "Note for Trial Docket", made before the case was first set for trial and served upon petitioners, should be deemed a timely "demand" within the requirements of NRCP 38. They urge the court to apply the rule that a party is entitled to rely upon the demand of any other party to a jury in an action, and need not make a separate demand for a jury trial. *See* Calnetics Corp. v. Volkswagen of America, Inc., 532 F.2d 674 (9th Cir.), *cert. denied,* 429 U.S. 940 (1976); DePinto v. Provident Security Life Insurance Co., 323 F.2d 826 (9th Cir. 1963), *cert. denied,* 376 U.S. 950 (1964); 9 Wright & Miller, Federal Practice and Procedure: Civil § 2318, at 85 (1971); 5 Moore's Federal Practice ¶38.39[1], at 312 (2d ed. 1978).

However, Blood Services' notation on the court form for trial docket does not meet the requirements of NRCP 38. No fees were ever deposited by Blood Services as specified in NRCP 38(d). Such an omission has been held fatal to an allegation of compliance with similar statutes in other jurisdictions. *See* Bargreen v. Little, 177 P.2d 85 (Wash. 1947); Py v. Pleitner, 161 P.2d 393 (Cal.App. 1945) (failure to deposit fees on time). Moreover, the clear import of the rule is that a separate

---

[2]NRCP 5(d) provides:

"All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter, except as otherwise provided in Rule 5(b)."

paper be filed in accordance with NRCP 5(d). *See* Nev. Advis. Comm. Note, NRS Annot., NRCP 38(b).

Since petitioners have failed to establish that a timely and proper demand for a jury trial was made, in accordance with NRCP 38, they have failed to establish that they are entitled to a writ of mandamus. It is only when such a demand has been made that the trial court may be found to have exceeded the limits of its discretion under the mandatory language of NRCP 39(a) in denying a jury trial. When, as here, no party has made such a timely and proper demand, NRCP 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court *in its discretion* upon motion may order a trial by a jury of any or all issues." (Emphasis added.) Therefore, under the facts presented, the propriety of the exercise of judicial discretion is not properly addressed by a petition for an extraordinary writ.

The circumstances of the case at hand appear to present the strongest possible suggestion for the discretionary granting of such a motion. The underlying personal negligence action is suitable for jury determination. Since the case had already been scheduled for jury trial, no delay or confusion would have resulted for the court. Nor would any surprise or prejudice have resulted to the defendant-respondent, who had agreed to have the case set for jury trial three times before advancing an objection thereto. In view of such settings, and of the trial docket note, reliance by counsel for petitioners is at least understandable. *See* De Remer v. Anderson, 41 Nev. 287, 169 P. 737 (1918) ("better policy" to set aside waiver of jury trial when no material injury or delay would be caused); Swofford v. B. & W., Inc., 336 F.2d 406 (5th Cir. 1964); 9 Wright & Miller, *supra,* § 2334, at 115-16.

In Petsel v. Riley, 192 F.2d 954 (8th Cir. 1951), the federal court of appeals denied mandamus petitions of the plaintiff, and one defendant who had relied upon the other plaintiff's demand for a jury trial, because that demand did not fully comply with FRCP 38(b) and 81(c). The court found, however, that petitioners "could reasonably have believed that they were entitled to a jury trial because of the plaintiff's demand", and further found that the objecting defendant "was advised by that demand that the plaintiff desired a trial of the case by a jury". 192 F.2d at 955. In light of these circumstances, the court denied the mandamus petitions, "but without prejudice to the application by the plaintiff and the defendant [petitioner] to District Court for an enlargement of the time for filing a

demand for a jury trial in that court and a motion to restore the case to the jury list." 192 F.2d at 1956. *See* NRCP 6(b)[3].

We believe that such reasoning is consistent with fairness and the orderly disposition of litigation, and that in the instant case, it will "secure the just, speedy and inexpensive determination" of this action. NRCP 1.

Consequently, the petition for mandamus must be denied but without prejudice to the petitioners-plaintiffs to apply to the District Court for an order enlarging the time period in which plaintiffs may file a demand for a jury trial.

It is so ordered.

---

[3]NRCP 6(b) provides:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the parties, by written stipulation of counsel filed in the action, may enlarge the period, or the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e) and 60(b), except to the extent and under the conditions stated in them."