PAUL CHUNG AND EDWARD JONG, APPELLANTS, v. DAVID L. ATWELL, DBA RESORT PROPERTIES OF AMERICA, RESPONDENT.

No. 16634

November 20, 1987                                    745 P.2d 370

*Keefer, O'Reilly & Haight*, Las Vegas, for Appellant Paul Chung.

*Robert E. Gaston*, Las Vegas, for Appellant Edward Jong.

*Robert M. Apple*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a district court judgment awarding respondent Atwell $100,000 for appellants' breach of contract.

### The Facts

Atwell is a licensed real estate broker doing business as Resort Properties of America. Great Western authorized Atwell to offer the El Cid Hotel for sale for $3,600,000 and promised him a $200,000 commission if he successfully arranged a sale.

Appellants Chung and Jong, interested in purchasing real property in Las Vegas, noticed a newspaper advertisement, placed by Atwell, concerning hotel properties for sale. Chung met with Atwell in response to this advertisement. During this meeting, Chung signed a document prepared by Atwell. The document stated that it was an "offer for sale" of certain properties and also contained a clause stating that the parties understood "that any negotiations on the properties will be handled through Resort Properties of America." At this time, Atwell provided Chung with information about certain properties, including the El Cid.

Chung made an offer to Great Western, through Atwell, for the El Cid. Great Western rejected the offer but made a counter-offer, which Chung and Jong never accepted. Chung and Jong then became disenchanted with Atwell's services and sought another way to purchase the El Cid.

Chung began negotiating a purchase of the El Cid through two other brokers, Johann and Ungaro. As a result of successful negotiations through these brokers, Chung and Jong entered a lease/purchase agreement with Great Western. Atwell then sued Chung and Jong for breach of contract, alleging they had breached a contract to deal exclusively with him. The district court held Chung and Jong jointly and severally liable for breach of contract and awarded Atwell $100,000. Chung and Jong appeal from this decision.

## Discussion

Atwell argues that the document, which he prepared, was an exclusive dealing contract which was breached by Chung and Jong. We disagree. The document prepared by Atwell is not an enforceable exclusive dealing contract. Atwell's putative contract provided:

> This report is an offer for sale of the subject property.
> The information in this report is based upon data obtained from sources we deem reliable and is believed to be correct, but we assume no liability for accuracy, errors, omission, changes, prior sales or leases, or withdrawal from the market without notice.
> All information is given confidentially and with the understanding that any negotiations on the properties will be handled through Resort Properties of America. . . . Valid for one year.

Atwell contends that in exchange for the information on the properties, Chung and Jong agreed to negotiate exclusively through him for a one-year period concerning any purchase of the El Cid.

However, even if we assume Atwell's document is an agreement, rather than an incomplete offer to sell,[1] it would not be enforceable. A contract, to be enforceable, must be sufficiently definite. De Remer v. Anderson, 41 Nev. 287, 301, 169 P. 737, 741 (1918); Restatement (Second) of Contracts § 33 (1981). In determining whether a contract or its terms are definite, an important consideration is "whether the court can determine [the putative contract's] exact meaning and fix the legal liability of the parties." Pendleton v. Sard, 297 A.2d 889, 892 (Me. 1972) (quoting Corthell v. Thread Co., 167 A. 79, 81 (Me. 1933)).

Atwell's document does not meet this standard, as it is materially deficient in detail. For example, Atwell did not specify the service, if any, he would provide Chung and Jong in exchange for their promise to use him exclusively. Moreover, Atwell's document does not contain any information about fees or commission, if any, Chung and Jong were to pay for Atwell's services. In addition, Atwell deceptively labeled the document a "report" or "an offer for sale." Rather than stating in plain language what Chung was giving up by signing the document, the document provided, in an oblique manner, that Atwell was giving information "with the understanding that any negotiations on the property will be handled through Resort Properties."[2]

In accordance with the above observations, we conclude, as a matter of law, Atwell's instrument was incomplete and unenforceable. The judgment of the lower court is therefore reversed with direction to enter judgment for Chung and Jong.

---

[1] Atwell labeled his document an "offer for sale." Were we to characterize it as such, it would clearly not bind Chung and Jong to Atwell's services. An offer and its terms are not binding until accepted by the offeree. Chung and Jong never accepted this offer.

[2] We also note that an argument could be made concerning the conscionability of the purported agreement. Rather than providing meaningful, reciprocal consideration for Chung's promise to deal exclusively, Atwell attempted to bind Chung to his services for one full year solely in exchange for information of questionable value. We again emphasize the lack of definition and clarity in the document prepared by Atwell. Given the language of this document, it is doubtful that "an ordinary layman would realize what he was relinquishing in return for what he was being granted," let alone Chung with his limited command of English. Henningsen v. Bloomfield Motors, Inc., 161 A.2d 69, 92 (N.J. 1960).