IN THE SUPREME COURT OF THE STATE OF NEVADA

SANJEEV MANHAS, AN INDIVIDUAL,
Appellant,
vs.
DAVID D. TINKER, AN INDIVIDUAL,
Respondent.

No. 80439

FILED

JUN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment on a jury verdict in a short trial. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the short trial judge was within his discretion to grant respondent's untimely motion for a jury trial. *See Walton v. Eighth Judicial Dist. Court*, 94 Nev. 690, 695, 586 P.2d 309, 312 (1978) (recognizing that trial courts have discretion under NRCP 39(b) to grant an untimely motion for a jury trial). In granting respondent's motion, the short trial judge relied on *De Remer v. Anderson*, which opined that it is the "better policy . . . if no material injury or delay were caused" by the untimely motion to grant such a motion. 41 Nev. 287, 303, 169 P. 737, 742 (1918). The short trial judge also relied on *Walton*, which reaffirmed *De Remer* and suggested that a trial court would be within its discretion to grant an untimely motion if "no delay or confusion would have resulted for the court [n]or would any surprise or prejudice have resulted to the [non-moving party]." 94 Nev. at 695, 586 P.2d at 312.

In his order granting respondent's motion, the short trial judge expressly found that a jury trial could be held on the same date scheduled

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-16903

for the bench trial, such that no delay would result. The short trial judge also found that appellant did not demonstrate any "confusion or surprise." Appellant does not dispute these findings on appeal, but instead argues that "[i]mplicit in [NRCP 39(b)'s] grant of discretion is that there must be some good reason or good cause stated in the motion for jury trial to justify granting a jury trial." Given that appellant has not provided any authority in support of his proposition, we are not persuaded that this argument warrants reversal. *Cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is a party's responsibility to provide salient authority in support of an argument).

Appellant also contends that the short trial judge abused his discretion in permitting Brett O'Toole to provide expert testimony. *See Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008) ("This court reviews a district court's decision to allow expert testimony for abuse of discretion."). In particular, appellant contends that Mr. O'Toole (1) did not satisfy *Hallmark*'s "qualification" requirement and (2) did not satisfy *Hallmark*'s "assistance" requirement.

With regard to the "qualification" requirement, appellant contends that Mr. O'Toole, as a biomechanical engineer, was not qualified to offer a *medical* opinion regarding the cause of appellant's injuries. Implicit in appellant's argument is that respondent was required to rebut appellant's *medical* expert with his own *medical* expert. We are not persuaded that the short trial judge abused his discretion in finding that Mr. O'Toole was qualified to offer a biomechanical opinion. First, the only Nevada authority appellant points to for the proposition that a medical opinion must be rebutted by another medical opinion is our unpublished disposition in *Didier v. Sotolongo*, Docket No. 76289 (Order of Affirmance, May 31, 2019). However, in *Didier*, there was *no testimony whatsoever* to

SUPREME COURT
OF
NEVADA

(O) 1947A

2

rebut the plaintiff's medical expert. *Id.* at 4-5. Thus, *Didier* does not necessarily stand for the proposition that a medical opinion must be rebutted by a different medical opinion.

Moreover, respondent has cited to several cases from other jurisdictions that have found a biomechanical expert's testimony to be permissible, so long as the biomechanical expert opines only as to what injuries would generally occur from a particular incident and does not opine specifically regarding the causation of the plaintiff's injury (i.e., what respondent refers to as the general causation/specific causation distinction). *See, e.g., Bowers v. Norfolk S. Corp.*, 537 F. Supp. 2d 1343, 1377 (M.D. Ga. 2007) ("[B]iomechanical engineers typically are found to be qualified to render an opinion as to the forces generated in a particular accident and the general types of injuries those forces may generate. However, biomechanical engineers ordinarily are not permitted to give opinions about the precise cause of a specific injury. This is because biomechanical engineers lack the medical training necessary to identify the different tolerance levels and preexisting medical conditions of individuals . . . ." (internal quotation marks and citations omitted)); *Burke v. TransAm Trucking, Inc.*, 617 F. Supp. 2d 327, 334 (M.D. Pa. 2009) (concluding that a biomechanical engineer "may not testify as to the extent of injuries suffered by Plaintiff, which would require the identification and diagnosis of a medical condition, but may testify that the force sustained by Plaintiff in the subject accident could potentially cause certain injuries as this amounts to a biomechanical determination"); *see also Gostyla v. Chambers*, 171 A.3d 98, 102-03 (Conn. 2017) ("[A]lthough biomechanical engineers are qualified to testify about the amount of force generated by a collision and the likely effects of that force on the human body, they are not qualified to render opinions about whether a collision caused or contributed to a particular

individual's specific injuries because they are not medical doctors."); *Thomas v. YRC Inc.*, No. 16 Civ. 6105 (AT)(HBP), 2018 WL 919998, at *5 (S.D.N.Y. Feb. 14, 2018) ("It is well settled that biomechanical experts are permitted to opine as to general causation of injuries in motor vehicle accident cases; i.e., whether the force sustained by a plaintiff in the subject accident could potentially cause certain injuries." (internal quotation marks omitted)). Based on these authorities, we cannot conclude that Mr. O'Toole's testimony or expert report violated the general causation/specific causation distinction for which these cases stand.[2]

With regard to the "assistance" requirement, appellant contends Mr. O'Toole's opinion was not "the product of a reliable methodology," *Hallmark*, 124 Nev. at 500, 189 P.3d at 651, because he did not personally inspect either vehicle.[3] Relying on *Levine v. Remolif*, 80 Nev. 168, 172, 390 P.2d 718, 720 (1964), and *Choat v. McDorman*, 86 Nev. 332, 335, 468 P.2d 354, 356 (1970), which both held that an expert could not opine regarding the speed of a vehicle based solely on reviewing photographs of the vehicle, appellant appears to contend that Mr. O'Toole's failure to personally inspect the vehicles automatically means that his opinion was not the product of a reliable methodology for purposes of *Hallmark*.

---

[2]In this, we note that the appellate record contains no transcript of Mr. O'Toole's trial testimony. The only portion of Mr. O'Toole's expert report that appellant cites to as objectionable is his opinion that appellant "would have been subjected to a lower level of force than that which has been shown to cause no injury, beyond soreness lasting up to a few days at the most." In our view, this is a permissible general-causation opinion based on the above-cited authorities.

[3]Mr. O'Toole's colleague *did* personally inspect respondent's vehicle, and the record suggests that appellant's employer may have prevented Mr. O'Toole from inspecting the vehicle that appellant was driving.

We are not persuaded by this contention, as *Hallmark* provided a list of five nonexhaustive factors to determine when an expert's opinion is based upon reliable methodology, 124 Nev. at 500-01, 189 P.3d at 651-52, only some of which arguably have any bearing on Mr. O'Toole's failure to personally inspect the vehicles, and none of which appellant has specifically addressed. Thus, we conclude that the short trial judge was within his discretion in finding that Mr. O'Toole's opinions would be of assistance to the jury, and that it was up to the jury to determine how much weight to give his opinions in light of his failure to personally inspect the vehicles. *Cf. Mathews v. State*, 134 Nev. 512, 516, 424 P.3d 634, 639 (2018) ("[B]iomechanical experts are not precluded from testifying altogether, and weaknesses in a purported expert's testimony . . . go[ ] to the weight, not the admissibility, of the evidence." (internal quotation marks omitted)). Accordingly, we are not persuaded that the short trial judge committed reversible error in admitting Mr. O'Toole's testimony and report. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Timothy C. Williams, District Judge
Janet Trost, Settlement Judge
Randal R. Leonard
Law Offices of Steven M. Burris, LLC
Winner & Sherrod
Eighth District Court Clerk