## ANDREW NIPPOLT *vs.* WILLIAM H. KAMMON.

### November 12, 1888.

**Specific Performance—Indefinite Description.**—A description of land, in an agreement to convey, as "five acres, lot 3, sec. 23," etc., there being nothing to show what five acres is intended, is not a good description, and the defect cannot be supplied by parol. *Sanborn* v. *Nockin*, 20 Minn. 163, (178,) distinguished.

Appeal by plaintiff from a judgment of the district court for Dakota county, where the action was tried by *Crosby*, J.

*T. R. Palmer*, for appellant.

*John B. & W. H. Sanborn*, for respondent.

GILFILLAN, C. J.   This is an action to enforce specific performance of an agreement to convey real estate.   The defendant had judgment below.   The sufficiency of the description is the only matter involved.   The description is: "The following described real estate, situated in Dakota county and state of Minnesota, to wit:   Five acres, lot 3, sec. 23, town 28, range 23."   No means are given by which to determine what five acres in lot 3 is intended.   When such an agreement contains sufficient elements of description, of course parol evidence may, and indeed must, be resorted to, to apply the description to the specific piece of land supposed to be intended; in other words, to show that a specific piece answers to the description in the writing. But the writing must be a guide to find the land,—must contain sufficient particulars to point out and distinguish the piece from any other,—so that when the description in the writing is laid beside the description of a particular piece, it may be seen with certainty that the latter was intended by the former.   The case of *Sanborn* v. *Nockin*, 20 Minn. 163, (178,) is cited as analogous to this.   But in that case, which certainly goes as far in upholding an imperfect description as we are inclined, or as is safe, to go, it was expressed in the writings that the piece intended was owned by the vendor,—an item of description not contained in the agreement before us.   We cannot, in order to make the description good, presume what the parties did not express,

that they intended the vendor's ownership as an item of the description. If in any case a particular of description might be supplied in that way, it could only be when, from the particulars given, the presumption that they intended one not given would be conclusive. That is not this case.

Judgment affirmed.