WILLIAM S. BROCKWAY and another *vs.* NEWTON R. FROST.

January 31, 1889.

**Vendor and Purchaser — Uncertainty of Description of Property.—** An agreement for the conveyance of a designated number of acres "in" a specified larger tract of land, the subject of the agreement not being otherwise designated, is ineffectual, because of uncertainty, to transfer or create an interest or right in any land.

Appeal by plaintiffs from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*E. A. Campbell* and *J. E. Waters*, for appellants.

*W. J. Rodgers*, for respondent.

DICKINSON, J. Under date of March 23, 1887, as the case presented by the plaintiffs at the trial showed, the defendant executed the following written instrument to Henry P. Cody, who has assigned his rights thereunder to the plaintiffs:

"In consideration of one dollar and other valuable consideration, I hereby agree to give Henry P. Cody a warranty deed for eight and 61-100 acres in the N. W. ¼ of S. W. ¼ of section 18, T. 47, R. 4 W. Said deed to be given in thirty days, or as soon thereafter as I can give deed; and it is understood that I can sell and execute a contract for said property any time within the next ten days, at the rate of $150 per acre. NEWTON R. FROST."

The plaintiffs, alleging that the defendant did thereafter sell the land and receive the price, prosecute this action for the recovery of the money alleged to have been so received. The plaintiffs' case upon the trial tending to show, as we may assume, the facts thus alleged, and further, as it may be assumed, that the defendant promised to pay the plaintiffs the price received for the land, the court dismissed the action without submitting the case to the jury.

This was right. The plaintiffs showed no cause of action. They acquired no interest or right in respect to any land by the written undertaking of the defendant above recited. That neither described nor in any way designated any particular land as the subject of the promise to convey. As this instrument conferred upon Cody or his assignees no rights in respect to land, the further condition respecting the defendant's right to sell was equally ineffectual. The plaintiffs acquired no right to the price of any land which the defendant may have sold, but in which they had no legal interest. If he orally promised, after the alleged sale of certain land, to pay them the price, no consideration is shown, and the naked promise gave no right of action.

Order affirmed.