SUSAN BURGON *vs.* JOHN C. CABANNE.

January 3, 1890.

Vendor and Purchaser—Sufficiency of Description in Contract.—It is not essential to the validity of a contract for the sale and conveyance of real property that the particular tract of land to be conveyed be described with precision, provided the writing furnishes the means, or points out the method, by which, without further agreement of the parties, the description may be ascertained.

Same—Land to be Selected from Larger Tract.—A contract provided that out of 40 acres of land, which was to be selected from a certain quarter-section, the vendee was to have 10 acres in a body, averaging, in value and quality, with the whole. *Held*, distinguishing *Nippolt* v. *Kammon*, 39 Minn. 372, *Brockway* v. *Frost*, 40 Minn. 155, that the contract was valid and binding upon the parties.

Same—Vendor to Select.—By said contract the vendor had the right to select the particular tract of land to be conveyed, subject to the conditions of the contract in respect to quality and value.

Same—Evidence.—*Held, further*, that the testimony showed that the vendor stood ready, willing, and able to convey in accordance with the terms of his agreement.

Appeal by plaintiff from an order of the district court for Ramsey county, refusing a new trial after a trial before *Kelly*, J., and verdict directed for defendant.

*John B. & W. H. Sanborn*, for appellant.

*Henry B. Farwell*, for respondent.

COLLINS, J. This action is in the nature of *assumpsit* for money had and received, which in general may be maintained by showing that the defendant has received money of the plaintiff which, in equity and good conscience, he ought to return or pay over. The

parties entered into a written contract, whereby defendant sold and agreed to convey unto plaintiff, for a stipulated sum of money, 10 acres of land, situated in a certain quarter-section, "it being understood that the said John C. Cabanne owns an undivided one-fourth of the above-described quarter-section of land, and that he is to have his undivided interest therein separated and set apart, so that the same may be and shall be distinctly described and designated; and, when so separated and set apart, the said party of the second part is to have 10 acres of land out of the same, of an average value and quality proportional to the whole thereof, and in a body." It was taken for granted on the argument in this court—and in the court below, we judge—that under the decision in *Nippolt* v. *Kammon*, 39 Minn. 372, (40 N. W. Rep. 266,) this contract was invalid, because the tract of land which the parties attempted to render subject to its provisions was insufficiently described. In this assumption the parties were in error. It was not essential to the validity of the contract that the particular tract of land which the defendant sold and agreed to convey should be described with precision, provided the writing furnished the means or pointed out the method by which, without further agreement of the parties, the description might be ascertained.

In this contract, it was stipulated that out of the 40 acres which should, in a proposed division of the quarter-section, be set apart to the defendant, the plaintiff, vendee, should have 10 acres in a body, and of average quality and value with the whole. This language conferred upon the vendor the absolute right to select and convey any one of the 10-acre tracts in the 40 which answered the conditions of the contract in respect to quality and value. If he did this, the agreement was complied with in every particular, and the vendee would be obliged to accept. Should the defendant vendor refuse altogether, or should he select an inferior parcel of land,—one which did not answer the requirements,—there could have been no difficulty in ascertaining plaintiff's damages for the breach, because the number of acres was stated, and the location and quality fixed, with sufficient certainty for all practical purposes, in an action at law. It must be remembered that a contract in regard to real estate may be binding,

although specific performance thereof cannot be decreed. Mutuality of obligation is essential, not mutuality of remedy. In the case of *Nippolt* v. *Kammon, supra,* the description held insufficient, namely, "five acres, lot 3," etc., falls far short of the one in question in a very essential particular. And this is true, also, with reference to a later case, *(Brockway* v. *Frost,* 40 Minn. 155, 41 N. W. Rep. 411,) in which the attempted description was similar, being "eight and 65-100 acres in," etc. In neither of those cases, had the vendor selected and conveyed a tract containing the specified number of acres, could it have been determined that he had complied with his contract. The quality and value of the land, in comparison with the entire body, and as a whole, was not prescribed. It could not be told whether the parties intended it to be greater or less, or to average in value, or to be superior or inferior, or of average quality. The vendor could insist that he had performed when he selected and conveyed the designated number of acres of the poorest quality and least value, while, with equal confidence, the vendee could maintain that it was the intention, and that he was entitled to the choicest location and best land. In no manner could the contract settle the dispute. In brief, the distinction between this case and those above mentioned is that in the latter the writings neither designated with precision the land to be conveyed, nor provided any method by which this could be done without further agreement of the parties, neither party, alone, having the power of selection. The contract in dispute was a binding one, and the amount of money now in controversy was paid thereon as part of the purchase price—one-half at the date of its execution, the balance nearly six months later.

From the testimony, it appears that subsequent to the last-mentioned payment the parties agreed upon and designated the particular tract of 10 acres which plaintiff was to accept in satisfaction of the contract, and, although it was the act of both parties, it certainly can be treated as a selection by the defendant vendor, who thereafter, and prior to the commencement of this action, duly tendered a warranty deed thereof to plaintiff, with an abstract of title showing that he had a perfect title in fee to the tract so conveyed. The plaintiff refused the deed, and brought this action, obviously upon the the-

ory that he was entitled to recover because of the insufficiency of the description. There was some testimony on the trial in respect to one or two mortgages which had at some time been placed upon defendant's one-fourth interest in the quarter-section, but it was exceedingly indefinite and incomplete. The plaintiff did not regard it of sufficient importance to warrant the introduction of proof on his part. It is apparent that no stress was laid upon it in the court below, and we assume—the testimony, taken as a whole, justifying the assumption—that defendant held and offered a good and sufficient title to the 10 acres; in other words, that he was not in default, but in all respects ready, willing, and able to perform. The fault is not with defendant, but with the plaintiff, and he cannot recover.

Order affirmed.