JOHN M. SCANLON *vs.* JOSEPH J. OLIVER and another.

February 14, 1890.

**Vendor and Purchaser—Description of Property — Incomplete Contract.**—Defendants executed to plaintiff a writing whereby they agreed to convey to him a piece of land out of a certain 80-acre tract, to be not less in area than 40x120 feet, and to front on a public street or road; *the particular location and description to be thereafter mutually agreed on by the parties.* The particular location and description of the land never was agreed on. *Held* not to constitute a contract; distinguishing it from cases where the agreement provided definite means by which the land was to be ascertained without any further agreement of parties, as where one party had the right to select.

**Same—Right to Withdraw and Recover Money Paid.**—While the matter thus rested in mere negotiation, either party had a right to withdraw, and demand back money paid in expectation of the making of the contemplated contract, distinguishing it from a case of money paid on an oral contract actually made, but not enforceable, because not in writing, as required by the statute of frauds.

Appeal by defendants from an order of the district court for Ramsey county, *Kerr*, J., presiding, overruling their demurrer to the complaint. The writing mentioned in the opinion is as follows:

"EDGEWOOD ADDITION TO NORTH ST. PAUL.

"No. 52.                              St. Paul, Minn., March 19, 1888.

"For and in consideration of the sum of fifteen dollars to us in hand paid by John M. Scanlon, the receipt whereof is hereby acknowledged, we hereby agree to convey, by good and sufficient warranty deed, the following described tract or parcel of land, being not

less in area than 40x120 feet, fronting upon a public street or road, and lying in the W. ½ of the N. W. ¼ of section 32, township 30 north, range 21 west, in Washington county, Minn. The particular location and description of said tract or parcel of land to be mutually agreed upon by us and the said John M. Scanlon on or before the first day of September, A. D. 1888. The price of said tract or parcel of land to be $85," (here follows an agreement by Scanlon to pay the residue of the price in specified instalments within one year.) "It is further agreed that if the said John M. Scanlon shall fail to perform any of the covenants hereinbefore specified by him to be performed, then and in that case all moneys paid shall be forfeited, and this contract become null and void.                   OLIVER & MURPHY,

"Owners' Agents."

The complaint alleges that defendants have never disclosed to him the owners of the land, and he is informed and believes that the defendants, Oliver & Murphy, are themselves the owners, and are unable to give good title to any of the lands mentioned in the writing, and contains other averments stated in the opinion.

*Richardson & Markham,* for appellants.

*C. B. Palmer,* for respondent.

MITCHELL, J. The complaint sets out a writing executed and delivered by defendants to plaintiff, March 19, 1888. The material parts of this writing are that, in consideration of a sum of money paid by plaintiff to defendants, the latter agree to convey to the former a tract or parcel of land, out of a certain 80-acre tract, not less in area than 40x120 feet, and fronting on a public street or road; *the particular location and description of the land to be mutually agreed upon by and between the parties* on or before September 1, 1888. The writing also states what the price of the land is to be, and terms of payment. The complaint alleges that no lot or tract of land has been ever agreed upon by the parties; (the action was commenced April, 1889.) The plaintiff also alleges that he has been informed and believes that defendants are unable to give good title, but, as he does not allege such to be the fact, the allegation is immaterial. The complaint does not allege that defendants have been requested to unite with plaintiff in an endeavor to agree on the location and de-

scription of the land, or that they have refused to do so; but, for reasons that will appear hereafter, we deem this unimportant. The plaintiff then alleges payment to defendants of various sums in reliance upon and reference to this contemplated purchase, which defendants have refused to repay on demand. The action is to recover back this money.

That this writing does not constitute a contract is evident on its face. There has been no assent or meeting of the minds of the parties as to the subject-matter. The writing is a mere expression of a purpose to make a contract in the future, but, beyond a certain point, the whole matter rests in negotiation or promissory statements. The parties have agreed up to a certain point, but beyond that they leave the other terms to be thereafter agreed on. This is not a contract. Assent up to a certain point is not enough; there must be assent to an agreement. *Winn* v. *Bull*, 7 Ch. Div. 29. And this is no more a contract, because in writing, than if spoken. Counsel contends that the writing is a complete contract, because it provides a mode by which the location and description of the land is to be definitely determined, but the trouble is that the mode provided is the *future agreement of the parties.* All the cases cited in support of this contention are like those of *Burgon* v. *Cabanne, supra,* p. 267, and *Brown* v. *Munger, supra,* p. 482, where the writings provided definite means by which the land was to be ascertained and known, *without any further* agreement of the parties, as where one party had the exclusive right of selection, but the agreement was completed and closed. See *Cheney* v. *Cook,* 7 Wis. 413; *Washburn* v. *Fletcher,* 42 Wis. 152; *Carpenter* v. *Lockhart,* 1 Ind. 434, 440; *Jenkins* v. *Green,* 27 Beav. 437. We have then a case where the parties contemplated making a contract, but have never done so. So long as it thus rested in negotiation, each party had a perfect legal right to withdraw from the negotiations at pleasure. If either withdrew, the other would have no cause of action against him. The plaintiff has never had any consideration for the money he paid. It was not paid on a contract, for there never was one to which it could apply. True, it was paid with the expectation that, if the contemplated contract was made, it would be applied on it when made. But until such a contract was made the

money belonged to the plaintiff, and defendants held it as his bailees; and having withdrawn from the negotiations, as he had a perfect right to do, the defendants have no right to retain it.

Counsel refer to the familiar rule that money paid on a contract which under the statute of frauds cannot be enforced, because not in writing, cannot be recovered back, unless the party to whom it is paid refuses or is unable specifically to perform, or the contract has been mutually abandoned. But that rule proceeds upon the ground that a good common-law contract has been made which is not void, but merely not enforceable because of a deficiency of evidence thereof. Chit. Cont.(11th Am. Ed.) 928; *Coughlin* v. *Knowles*, 7 Met. 57. In such cases the terms of the contract have been orally fully agreed on, and the party knows exactly what tender and demand of performance he is to make, and, if the other party is able and willing to perform, it is his own fault if he does not have performance. But this is not a case of a complete oral contract not reduced to writing as required by the statute of frauds, but a case where there has been no contract at all. The writing is all there ever was between the parties, and its very terms expressly negative the idea of a contract. Our conclusion is that the demurrer was properly overruled.

Order affirmed.