CHARLES R. REED, RESPONDENT, v. WILLIAM LOWE, APPELLANT.

SPECIFIC PERFORMANCE.—UNCERTAINTY IN DESCRIPTION.—A court of equity will not decree the specific performance of a contract unless the description of the land mentioned in the contract is specific and certain or can be rendered so.

ID.—ID.— CONTRACT HELD INSUFFICIENT.— A contract described the land sold as "a part of my lot on the bench, size 6 x 10 rods deep, to be taken either way from my house for the sum of $75 per rod," or if it is taken 6 x 20 rods for the sum of $100 per rod, and it appeared that the vendor owned a lot that was twenty rods square bounded on the west and south by streets, and taking out the house there was a frontage on one street of 18 rods and on the other street of 16 rods and that on this account the description was uncertain; *held* that such a contract could not be specifically performed.

APPEAL from a judgment of the district court of the first district. The opinion states the facts.

*Mr. Henry H. Rolapp* and *Mr. Jesse B. Barton,* for the appellant.

*Mr. Lindsay R. Rogers* for the respondent.

ZANE, C. J. :

This action was brought for the specific performance of the following contract: "Ogden, April 2, '88. Agreement for sale of real estate: I, the undersigned, do hereby declare that I have sold to Nils Karl Ardahl a cow, for the sum of $35.00, five dollars on the first day of May, and afterwards ten dollars each month until the amount is paid. Also do I sell to N. K. Ardahl a part of my lot on the bench, size 6 x 10 rods deep, to be taken either

way from my house, for the sum of ·seventy-five ($75.00) dollars per rod, or, if it is taken 6 x 20 rods, for the sum of one hundred dollars ($100.00) per rod; in either case on the following agreement: That one hundred ($100.00) dollars be paid on the first day of October, and afterwards one hundred ($100.00) dollars a year, with 12 per cent interest each year, and deed to be given on the first day of October, 1888. JOHN SWENSON." This case was referred to a referee, to be tried and determined, and judgment rendered by him. The referee reported findings of fact, conclusions of law, and a judgment and decree for a specific performance of the contract, which was entered by the court. It appeared in evidence on the trial that John Swenson owned lot 2, in block 40, in Ogden City, Utah;.that the lot was 20 rods square; that it was bounded on the west by Quincy avenue, and on the south by Twenty-third street; that the side of the house upon the lot furthest from one street was less than 2 rods and the side furthest from the other street was less than 4 rods; so that there was a frontage on the one of 18 rods, and on the other of 16 rods, from which the piece of ground attempted to be sold was to be selected. The portion to be conveyed was to be 6 by 10 rods, or 6 by 20 rods, and to be taken in either direction from the house, at the option of the purchaser. The description attempted indicates that the ground to be conveyed was to have a frontage of 6 rods on one or the other of the streets named, and that the same was to be taken from the 18 rods on the one street or the 16 rods on the other; but whether the 6 rods next to the house or the 6 furthest from it, or in fact which 6 rods, cannot be ascertained from the description in the contract, or any reference that it contains. Without adding to the description, it cannot be made certain; no line, monument, object or fact is mentioned from which the description can be made certain. A description is regarded as sufficiently

definite and certain when it contains a reference from which it can be made certain. In the description in question no such reference is made. The contract attempted to be made is uncertain, and we are of the opinion that the decree was erroneous. It is unnecessary to consider the other errors assigned in the record. The judgment of the court below is reversed.

ANDERSON, J., and BLACKBURN, J., concurred.