## STATE COURT OF APPEALS—Continued

### No. 415
### CICCHINO v. FERRANDO

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6346. Decided April 26, 1926

**677. JUDGMENTS—Order, after term, to vacate, not subject to appeal, but only to review on error.**

LEVINE, P. J.

Carmine Cicchino brought this action in term, a judgment rendered, and to enjoin its collection. After full hearing the court vacated the judgment and granted the injunction. Ferrando appealed and the Court of Appeals held:

1. The question is raised in this court whether or not an action of this nature is appealable.

2. This is not an ordinary civil action, but a special proceeding under 11631 GC.

3. The Supreme Court has held in a number of decisions that actions under that statute are not subject to appeal but only to review on error. (9 App. 419). Appeal therefore dismissed.

**Attorneys**—Jacobson and Jacobson for Cicchino; Nicola and Horn, and Gaughan & Collins for Ferrando; all of Cleveland.

### No. 416
### FROST v. BLATZ

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6458. Decided May 10, 1926

**1106. STATUTE OF LIMITATIONS—An action based on fraud, cannot be maintained, if service was made more than four years from the date the cause accrued.**

RICHARDS, J.

This action was commenced in Cuyahoga Common Pleas for the purpose of recovering a sum of money paid by Frost on the purchase of certain corporate stock on July 6, 1920.

CRABBE, A. G.

The petition alleges certain fraudulent representations which induced Edward Frost to purchase the stock, and avers that these fraudulent representations were made by one Rubin, an agent of the defendant Charles Blatz. This fraud was discovered almost immediately after payment of money to Rubin, and while said money was in the hands of Blatz demand was made upon Blatz to repay same.

Although this action was comemnced May 10, 1924 no precipe was filed nor summons issued until September 12, 1924 and no service was made on that summons. No other summons was issued until December 31, 1924 and that was served Jan. 3, 1925.

The trial court excluded all evidence under the petition and rendered a final judgment dismissing said petition.

Error being prosecuted the Court of Appeals held:

1. This action being based upon fraud the statute of limitations therefor is 4 years.

2. It is plain from the petition that the cause of action accrued July 6, 1920.

3. In view of the fact that service was not had in this action, until after 4 years from the time of cause of action had accrued, it is barred by the statute of limitations.

Judgment of trial court affirmed.

Judges Richards, Williams and Young of the Sixth Appellate District, sitting in place of Judges Levine, Sullivan and Vickery of the Eighth Appellate District.

**Attorneys**—Turney & Sipe for Frost; Lamb, Vaughan & Lamb, for Blatz; all of Cleveland.

### No. 417

### McCAMEY v. ADELPHIE LAND CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6491. Decided May 3, 1926

**297. CONTRACTS—Action on land contract may be maintained where the land is situated or where defendant resides.**

SULLIVAN, J.

The Adelphie Land Co. brought this action in Cuyahoga Common Pleas for the cancellation of a land contract, the subject of which was situated in Lorain County.

Oscar McCamey filed answer and cross petition, to which the Land company made reply. Under the issues raised by these pleadings, the question arose as to the jurisdiction of the court to try the case.

Judgment in the trial court being for the Company, McCamey prosecuted error. The Court of Appeals held:

1. Action for recovery of real property must be brought in county where property is situated.

2. Action on a land contract can be brought in county where land is situated, or in county where defendant resides.

Judgment therefor affirmed.

**Attorneys**—Carl D. Ainger, for McCamey; L. C. Lancer for Land Co.; all of Cleveland.