## ELLA C. MONAHAN v. EVERETT E. ADDY.[1]

December 7, 1928.

No. 27,005.

*R. E. Plankerton,* for appellant.
*William E. MacGregor,* for respondent.

DIBELL, J.

Action to recover $200 paid by the plaintiff as earnest money on a contract of sale. There were findings for the defendant, and the plaintiff appeals from the order denying her motion for a new trial.

On June 12, 1925, the plaintiff vendee and the defendant vendor entered into a written contract for the purchase by the plaintiff of a lot in Minneapolis for $7,000. The plaintiff paid $200 as earnest money. There was to be paid $3,500 additional within 30 days. There was to be a first mortgage of $3,300 at six per cent. The defendant agreed to erect a garage 10 feet wide and 18 feet long of stucco to match the residence. Its location was not fixed nor the time when it was to be completed, nor were there further specifications. The defendant was to furnish an abstract of title. It was "agreed that if this contract shall run for more than 30 days, interest at the rate of six per cent from date of contract shall be charged and paid by purchaser on all unpaid amounts." The failure to complete the contract within 30 days was not vital. The plaintiff was not to have possession until at least $3,700 was paid.

[1]Reported in 222 N. W. 288.

If the title was not marketable and could not be made so within 60 days, the $200 was to be refunded; but if marketable and the plaintiff refused to accept and continued in default for 30 days the earnest money and payments made were to be forfeited to the defendant. The contract was not well worded and lacked in definiteness relative to the garage. The parties had no trouble about it unless it be, as the defendant claims, that the plaintiff wanted it built larger; or, as the plaintiff claims, that the defendant refused to build unless she paid $500, a claim negatived by the general findings. There is evidence that she told the defendant that the $200 he received would be sufficient compensation for her breach of the contract. This is unimportant except as an item of evidence for the trial court in the nature of an admission that she and not the defendant was the one at fault.

The court finds that on July 3, 1925, the plaintiff wholly repudiated the contract, refused to proceed further with it, and so notified the defendant; and that at that time the defendant was willing and able to perform. He had done nothing at the time further than to procure a permit to construct the garage. The finding is sustained and disposes of the case. The repudiation was definite. It was before the expiration of the 30 days. Having repudiated the contract, the plaintiff was not in a position to demand a return of the $200.

Order affirmed.

STONE, J. (concurring).

The undertaking relating to the garage as expressed in the written agreement was that "first party is to erect a garage 10 feet wide and 18 feet long. Garage is to be stucco and match residence." Nothing more is said about it. There are no specifications as to such essential details as location, character of roof, floor and walls, doors, windows or anything else. Therefore there was no contract within the rule of such cases as Scanlon v. Oliver, 42 Minn. 538, 44 N. W. 1031. But the complaint declared upon the agreement as a contract. The decision disposes of the case upon that theory, and it is for that reason that I concur in the result.