## McKEE v. McKEE. (No. 7310.)

Court of Civil Appeals of Texas. Austin.
Dec. 12, 1928.

Rehearing Denied Jan. 2, 1929.

Collins, Jackson & Snodgrass, of San Angelo, for appellant.

Wright & Gibbs and Glenn R. Lewis, all of San Angelo, for appellee.

BLAIR, J. This appeal is from an order overruling appellant's plea of privilege to be sued in Bexar county, his place of domicile. Appellee controverted the plea, and on a hearing sustained venue in Tom Green county, among others, on the ground that her suit was founded in fraud perpetrated upon her there by appellant, and therefore within the exception provided by subdivision 7 of article 1995, reading in part as follows: "In all cases of fraud * * * suit may be brought in the county in which the fraud was committed."

In substance, appellee alleged both in her amended petition and controverting affidavit that she and appellant were formerly married to each other, and during their married life accumulated community property of the probable value of $60,000, and that she had separate property of the probable value of $15,000, that prior to divorce they made a division of their property, the transactions taking place in Tom Green county, but that, due to fraud and coercion practiced by appellant upon her in the division, she received property of the value of only $10,000, appellant taking the rest, including her separate property, and that, pursuant to the purported division agreement, appellee executed certain written conveyances and releases of real and personal property, the execution of which was induced by the fraud of appellant perpetrated upon her in Tom Green county. As ultimate relief, appellee prayed that the division agreement and the written conveyances pursuant thereto be set aside, that

the community property, real and personal, located in Tom Green and another county, be partitioned, and that she be awarded her one-half of the community property and also her separate property.

In support of her venue claim, based upon fraud, appellee's amended petition, which was sworn to by her, and her controverting affidavit were read to the court and offered in evidence, and in that connection she testified as follows:

"I have read and sworn to this amended petition which has just been read to the court. In the dealings I had with my husband with reference to the division of the property, we were in San Angelo at the time the agreement was made. We had this ranch and it was sold, and I think this was probably two years later, and he told me he was giving me this property on Randolph street, and he said it would make me a good living all my life. I asked him if he thought he was being fair in giving me this property and he said he did; that he was giving me approximately half of what he had, and stated if I brought suit against him and gave him trouble I would not get anything, and he also stated that I was lucky to have him give me this, because many men left their wives without giving them anything and that I should consider myself lucky. I relied upon the statement he made that he was giving me a fair share of the property.

"I accepted what he offered me and he asked me to go to Dallas and get this divorce so things would be kept quiet and nobody know anything about it, and he said he would send me this deed after suit was filed. He said 'Go there and get a cheap lawyer, and I will not offer any opposition and you know me well enough to know that I will do what I say,' and I went ahead and did it. I went to Dallas and he sent me the deed to this property and that is all there was to it.

"The agreement about the property was made in San Angelo; every bit of it was agreed to right here, and it was agreed to before the divorce was granted. He sent me the deed about a week before the divorce was granted, and I think it was granted on the 11th of June, and I received the deed just a few days before the divorce was granted. In pursuance of me getting that deed I signed a release, releasing him and assuring him that there would be no more trouble regarding the settlement. I suppose he is using the rest of the property in his business over here; I don't know what became of it. In addition to the property which he deeded to me I got $500.00 in money, and I guess he got the rest of the property, I don't know. I did not give him any paper with reference to the balance of the property except this release.

"Mr. McKee maintains an office in San Angelo and also an office in San Antonio. His office in San Angelo is the Central National Bank and his telephone number is 490. * * *

"All of his office equipment was there as it was when he left, except the rug was off the floor. In the division I am seeking now there are some minerals involved and they are situated in Sterling and Tom Green counties, Texas."

Appellant contends that, while appellee pleaded sufficient facts to disclose a cause of action for fraud perpetrated in Tom Green county, which might have fixed venue there, but for her failure to prove these facts, the specific contention being that the above evidence does not show that appellee was injured by the fraud, nor that the properties received by her in the division were not of sufficient value to cover her interest in the whole, and was therefore insufficient under the rule that, in order to avoid a written instrument because of fraud, the maker must not only plead and prove the charge of fraud, but must show a consequent injury or damages. We do not sustain the contention for the following two reasons:

1. The evidence does show that appellee had been injured or damaged in consequence of the fraud practiced upon her in Tom Green county. She introduced in evidence her amended petition, which was sworn to, and also her controverting affidavit, which contained the same allegations as the amended petition. These pleadings fully alleged the fraudulent representations or deceit relied upon to set aside the division agreement and written conveyances pursuant thereto, and also fully alleged the facts as to her injury or damages in consequence of the fraud. She then testified that, "I have read and sworn to this amended petition which has just been read to the court." Appellee therefore testified in effect that all facts alleged by her in these sworn pleadings were true, and we conclude that she not only proved fraud practiced upon her in Tom Green county, but also proved the injury or damages to her in consequence of the fraud, at least sufficient for the purposes of determining the venue question.

2. For the purpose of determining the venue question, it was only necessary for appellee to prove that actionable fraud inducing the division agreement and written conveyances pursuant thereto had been practiced upon her by appellant in Tom Green county. This she unquestionably proved by her above-quoted testimony, without reference to the allegations of the sworn pleadings except for the purpose of asserting the character of the cause of action asserted. The question of whether appellee suffered injury or damages in consequence of the fraud proved was a question going to the merit of the case, and was not triable on the plea of privilege.

The general rule has been announced

by many Texas courts that under the venue statute a plaintiff bringing a cause of action in good faith is entitled to invoke the venue that accords with the allegations in the petition, regardless of the possibility that venue may fall with the suit upon plaintiff's failure to maintain the merits of the suit. Diamond Mill Co. v. Adams-Childers Co. (Tex. Civ. App.) 217 S. W. 176; Salisbury v. Taylor (Tex. Civ. App.) 5 S.W.(2d) 874.

The case of Griffin v. Linn (Tex. Civ. App.) 3 S.W.(2d) 148, is directly in point, and from which we quote the following: "In order for the venue to be sustained, as against a plea of privilege, on the allegation that it was an action for fraud perpetrated in the county in which a suit was brought, under subdivision 7 of Article 1995, Revised Statutes, the plaintiff was not required to prove the fraud, but merely to show that a transaction which might constitute an actionable fraud occurred in the county where the suit was filed; the question of whether plaintiff sustained an injury and the extent of such injury being the matters to be determined on the trial on the merits. Edmonds v. White (Tex. Civ. App.) 226 S. W. 819."

The following cases are to the same effect: First Nat. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Pope v. Ray (Tex. Civ. App.) 244 S. W. 1032; Jones v. Boyd (Tex. Civ. App.) 286 S. W. 1006.

Appellant's suit was at least in part for a partition of the mineral interests still jointly owned by herself and appellant in certain lands in Tom Green county, and appellee also sought to and sustained venue in that county under subdivision 13 of article 1995, which provides that "suits for the partition of land * * * may be brought in the county where such land * * * or a part thereof, may be. * * *" It is shown from both the pleadings and the testimony that appellee and appellant each own an undivided one-half interest in the mineral estate in certain lands located in Tom Green county, and appellee prayed for a partition. These mineral interests do not depend upon the setting aside of the separation agreement for fraud, and mineral interests are a part of the realty and subject to partition. Henderson v. Chesley (Tex. Civ. App.) 273 S. W. 299. We therefore conclude that venue was also properly sustained under this subdivision of the statute.

The court also sustained venue upon the ground that if appellee established her action for fraud and set aside the conveyances, the ultimate purpose of her suit would be for partition of real and personal property located in Tom Green county, and venue was therefore fixed under the statute last above cited in that county. Whether the evidence shows that community real estate other than the mineral interests still remained in Tom Green county, or whether any personal property still remained in that county, is rather doubtful, and, since we are sustaining venue on other grounds, we pretermit further discussion of this question and affirm the judgment of the trial court.

Affirmed.