ATWOOD *v.* HEISEN.

1. FRAUDS, STATUTE OF—SUFFICIENCY OF CONTRACT FOR SALE OF
   LOTS.

   Contract for sale of lots definite in all particulars except as to
   designation of particular lots sufficiently meets requirements
   of statute of frauds, where seller had absolute right to desig-
   nate such lots as in his judgment would be most advantageous
   to development of subdivision.

2. SAME—AGREEMENT FOR FUTURE CONTRACT—SUFFICIENCY.

   Where paragraphs in contract provided that agreement for sale
   of lots to be platted in future would be entered into similar
   to preceding paragraph providing definite terms for sale of
   lots already platted, said paragraphs must be read together,
   and, when so read, contain all essentials of complete contract,
   for breach of which purchaser is entitled to damages.

Appeal from Genesee; Black (Edward D.), J.
Submitted June 5, 1929. (Docket No. 62, Calendar
No. 34,411.) Decided September 4, 1929.

Bill by Edwin W. Atwood against Charles C.
Heisen and others to remove cloud on title. Defend-
ants filed cross-bill for an accounting. From decree
for defendants and cross-plaintiffs, plaintiff and
cross-defendant appeals. Affirmed.

*George W. Cook,* for plaintiff.

*Farley & Elliott* (*Harry G. Gault,* of counsel), for
defendants.

McDONALD, J. This bill was filed to remove a
cloud on the title to certain land in Genesee county,
Michigan. The plaintiff was the owner in fee of the

Farnamwood subdivision in the city of Flint. It consisted of 676 lots. He also owned about 100 acres of unplatted land adjoining Farnamwood on the east and 115 acres of unplatted land in adjacent territory on the north. Kellar-Andrews Company was his selling agent. Defendant Charles E. Heisen was engaged in the business of developing subdivisions. Kellar-Andrews Company interested him in the development of the plaintiff's land. Their negotiations culminated in a contract as evidenced by the following letter:

"June 18th, 1923.

"Mr. Charles C. Heisen,
"Seabreeze, Fla.
*"Dear Sir:*

"We herewith agree to deliver to you free of debt and with graded streets, sidewalks and trees 30 lots in our Farnamwood Subdivision, and give you an option for 18 months from this date on 30 additional lots at prices and terms now obtaining, in consideration of ten dollars and other valuable considerations, part of which are the building of 30 homes such as selected, ten to be roofed in by December 1st, 1923, with others to follow during the year 1924 as rapidly as possible. Deeds for lots to be delivered as building progresses, to one lot whenever a house on it is one story high.

"You are not to sell any of the lots you receive in competition with our lots and sales of vacant lots to be made only through our agency, for which we are to charge 2½% commission. We understand that you will place a six-foot sidewalk on Atherton road and that we will pay for only five feet in width of such sidewalk. We will stake off corners of lots as you begin to build, and co-operate with you in every possible way, and will furnish you printed abstracts with every lot.

"The lots to be deeded and optioned are mentioned in list appended hereto.

"An agreement similar to the above will be entered into with you relative to 30 lots to be deeded and 30 lots to be optioned on certain property adjoining Farnamwood on its east side, which property has not yet been recorded, but which we expect will be within one year.

"An agreement similar to the above will be entered into relative to 40 lots to be deeded and 40 lots to be optioned on a certain 115 acres lying on the north side of the Atherton road and adjoining the Country Club on its west side. This property has not yet been platted, but we expect it will be inside of one year.

"Whatever commitments are hereby made by either you or ourselves in this agreement, shall be deemed to have been concluded within a period of two years from this date.

"Very truly yours,

"KELLAR-ANDREWS COMPANY,

(Sgd.) "By GEO. C. KELLAR.

"Approved by

(Sgd.) "E. W. ATWOOD.

"Accepted by CHAS. C. HEISEN."

As to the lots in the Farnamwood subdivision, this contract was fully performed by both parties. The controversy arises from the refusal of the plaintiff to continue the contract as to the adjacent land. Of the 100-acre parcel, he platted a small portion into 55 lots under the name of Farnamwood No. 1. Of the 115-acre parcel, he platted a small parcel under the name of Farnamwood No. 2. If he had included all of the unplatted land in these subdivisions, as was contemplated in the agreement, they would have contained 1,275 lots and Mr. Heisen would have been entitled to 30 lots in Farnamwood No. 1 and 40 lots

in Farnamwood No. 2 for his services in developing the property. He continued the development of the two small subdivisions and received from the plaintiff deeds of 13 lots. The plaintiff refused to plat any more of the land and declared a cancellation of the contract. Mr. Heisen then gave a quitclaim deed of a one-half interest in certain of the lands 'to the defendants Ida M. Heisen, George E. Heisen, Helen Heisen, and Mamie H. Forbes. This bill was filed to set aside that deed as a cloud upon the plaintiff's title. In a cross-bill, the defendant Heisen asks for damages because of the plaintiff's refusal to carry out the contract. He alleges his right to damages on the theory that as the plaintiff's wife did not sign the contract, he is not entitled to specific performance. On the hearing, the court decreed a reconveyance of the land to the plaintiff on the payment of the damages awarded. The plaintiff has appealed.

The issue involves the validity of the following paragraphs of the contract:

"An agreement similar to the above will be entered into with you relative to 30 lots to be deeded and 30 lots to be optioned on certain property adjoining Farnamwood on its east side, which property has not yet been recorded (platted), but which we expect will be within one year.

"An agreement similar to the above will be entered into with you relative to 40 lots to be deeded and 40 lots to be optioned on a certain 115 acres lying on the north side of Atherton road and adjoining the Country Club on its west side. This property has not yet been platted, but we expect it will be inside of one year."

It is contended by the plaintiff that these paragraphs are void for the following reasons:

"1. An agreement to make a contract in the future must contain all of the essential terms of such future contract, and unless such agreement does contain all such essential terms, it must fail, because the minds of the parties have not met and there is no contract.

"2. These two paragraphs are void under the statute of frauds."

With this contention we do not agree. The two paragraphs in question must be read in connection with the preceding provisions relative to the Farnamwood subdivision. When so read, they contain all of the essentials of a complete contract. This is true, though there is lacking a designation of the lots which were to be given and optioned to defendant Heisen. Properly construed, the contract gave to the plaintiff the right to select the lots which were to be built upon by the defendant. It was his absolute right to designate them in such portions of the plat as in his judgment would be most advantageous to its development. *Burgon* v. *Cabanne,* 42 Minn. 267 (44 N. W. 118).

Moreover, the parties so construed the contract. Lots actually deeded to the defendant were selected by the plaintiff. He testified:

"We talked over the matter under discussion, and I said that the selection of lots, while it would probably be a compromise on what they wanted, and all that, in the final analysis the actual designation of the lots was to be by me, because I was not going to give anybody anything whereby anybody could pick out all good lots, or anything like that."

If the plaintiff had the absolute right to designate the lots, the contract was complete and binding. The number of lots was agreed upon. The price was to be the then prevailing prices. All that remained to

be done was to plat the land and designate the lots which defendant was to receive. In this he had no voice. Nothing was left for future agreement. We think the trial court correctly held that the contract was complete, and sufficiently met the requirements of the statute of frauds.

On the part of the plaintiff, the purpose of the contract was to secure the services of Mr. Heisen in developing the plats. Heisen was to be compensated in lots, some of which were to be deeded to him *gratis* and some to be paid for at the then prevailing prices. On the gift lots he was required to build houses. In selecting them, the plaintiff chose them from various parts of the plat in such a manner as, in his judgment, would best aid its development. It is conceded that the defendant carried out his part of the contract, that he expended approximately $850,000 in Farnamwood and $150,000 in the two smaller plats. The plaintiff was legally bound to plat all of the land. Instead of doing so, he platted a part of it, but the portion platted contained sufficient lots to meet the demands of the defendant. He refused to deed them, and because of his refusal the trial court held that the defendant was entitled to recover their value, but he confined recovery to the value of the *gratis* lots. The evidence amply sustains the amount of damages allowed.

The decree is affirmed in all respects.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.