## DOMBY v. DOMBY, a. k. a. VARGA, et al.

Common Pleas Court, Cuyahoga County.

No. 602753. Decided January 25, 1951.

Elsie R. Tarcai & Violet J. Tarcai, Cleveland, for plaintiff.
Joseph Saslaw, Cleveland, for defendants.

### OPINION

By HOOVER, J.

This is an equitable action in the Cuyahoga County Common Pleas Court arising out of a dispute about realty in Geauga county. The four defendants are the plaintiff's wife, a former boarder in their home and the latter's two daughters. The court has jurisdiction of the person of all parties.

In 1948, by quitclaim, the defendant wife conveyed said realty, of which she was the legal owner, to the defendant daughters, which conveyance was duly recorded in Geauga county. Plaintiff joined in the deed to release his dower rights. Concurrently, a separate written agreement was made by plaintiff, his wife and said two defendant daughters which, under terms therein specified, gave plaintiff and his wife the right, inter alia, to live in the brick house on the premises.

Plaintiff claims that he had purchased this realty which stood in his wife's name and had an equity therein and that the deed and agreement were procured by fraud, and prays that the agreement be cancelled, that the deed be ordered delivered up and cancelled, that the defendant daughters be required to reconvey said premises and that the court find that the defendant daughters have no interest in said premises.

At the opening of the trial, a demurrer was filed by all the defendants, challenging the court's jurisdiction over the subject matter and relying on §11268 GC, and **Gem City Acetylene Generator Company v. Coblentz, 86 Oh St, 199.** The pertinent part of said statute reads:

"Actions for the following causes must be brought in the county in which the subject of the action is situated * * *. 1. For the recovery of real property, or of an estate or interest therein * * *."

The syllabus of the Gem City case reads:

"1. A proceeding brought under Section 6343 and 6344, Revised Statutes, to set aside a transfer of real estate as in fraud of creditors and to obtain the relief provided therein, is for the recovery of real property or of an estate or interest therein within the meaning of Section 5019, Revised Statutes.

"2. When the entire property described in the petition and sought to be recovered in such proceeding is real estate, all of which is situated in one county, the action must be brought in that county and summons may be issued to any other county for the defendants."

The question is—is this action one "for the recovery of real property, or of an estate or interest. therein." Several arguments, at first, seem to point to an affirmative answer. Plaintiff asserts an equitable interest in the premises. Moreover, a husband has certain statutory rights in his wife's realty (see **Mark v. Mark, 145 Oh St, 301, 30 O. O. 534,** syl. 9), including an inchoate right of dower. **Sec. 10502-1 GC.** Such dower is an interest in real property. **14 O. Jur. 673, Section 62; 19 C. J. 493,** Section 105, N. 73. A spouse may maintain a separate action for its protection. **19 C. J. 493, 495,** Sections 105, 108. An interest in real property, within the meaning of §11268 GC, doubtless means "any" interest therein.

Compare: **Brenner v. Spiegle, 116 Oh St, 631, 634.** In addition, in the Gem City case, the Supreme Court in referring to the statute in question (§11268 GC, was formerly R. S. 5019) said (p. 203):

"The proceeding referred to in that clause is not merely the law action of ejectment or forcible detainer, etc., but any action, legal or equitable, to fix an estate or interest in real estate." (Emphasis by the court.)

In the instant case, the court believes that what the plaintiff parted with was an interest in real estate. In construing the statute in question this case is no different than if the plaintiff had owned and conveyed the fee simple title and, as to it, was seeking the same redress as is herein sought; and therefore cases bearing on the latter are helpful. The question still is—is this an action "for the recovery of real property, or an estate or interest therein" within the meaning of the statute.

Defendants' strongest authority, the Gem City case, contains the seeds of differentiation, which grow to uproot their demurrer. The Supreme Court carefully points out that the action is a statutory one, based on §6343 and §6344 (now §11105 and §11106 GC) to set aside a transfer of real estate as in fraud of creditors and says (86 Oh St, at 205):

"* * * it would seem to be a proceeding in rem for the recovery of real property for the benefit of all the creditors of the grantor. The direction of the statute is, that the transfer shall be declared to be void. So that the title to the real estate is directly, and not incidentally involved."

See also, comment on this case under §11269 GC, of Page's Code. The inference is that if the proceeding were not in rem, the decision would be different. The Supreme Court further says (p. 208):

"The proceeding is a statutory one. It is not equitable to force the defendant to do some particular act enjoined upon him by a court of equity, but it immediately affects the property itself."

The inference is that if the proceeding is an equitable one to force the defendant to do some particular act, the court would have jurisdiction.

Relying on this distinction, plaintiff contends that the instant equitable action is in personam and not in rem, that a decree here would operate on the parties and not on the land and that, therefore, it is not an action to recover real

property or an estate or interest therein. With this the weight of authority and this court agree. In 9 Am. Jur. 394, Section 51, in discussing jurisdiction over cancellation suits, it is said:

"Jurisdiction of the parties is ordinarily obtained by subjecting them personally to the authority of the court, and this is all that is necessary, even though the property to which the instrument relates is situated beyond the territorial limits of its jurisdiction; for in decreeing cancellation equity, as a rule, operates not in rem, but wholly in personam by working on the volition or conscience of the defendant. In other words, a proceeding for cancellation is generally considered as in personam, and must be supported by personal service.

"Where the court acquires jurisdiction, even of the person only, it is invested with full power to proceed to a final decree in an action to compel the cancellation of deeds to lands. As the relief sought does not require the court to deal directly with the estate itself, the proceeding does not affect the real estate, and the court, having the parties in interest all before it, may proceed, although the land to which the controversy relates may lie without the jurisdiction of the court * * * although a contrary view has been taken * * *."

In 56 Am. Jur. 24, Section 21, it says:

"This is because the decree made will not of itself necessarily be binding on the lands, but will take effect only through the action which the parties to the suit are compelled to take. Statutes which require actions concerning land to be tried in the county in which the lands are situated or require actions for the recovery of possession of land or the determination of questions affecting title to land to be brought in such county generally do not apply to actions in equity where the decree sought operates in personam."

See also, 12 C. J. S. 1022, Section 50; 9 C. J. 1231, Section 142; 9 Am. Jur. 395, Section 53; 67 C. J. 62, 65, Section 96, 103; 25 O. Jur. 452, Section 27; 118 A. L. R. 200-201; 11 O. Jur. 723-24, Section 80; 16 O. Jur. 218, Section 94.

Certainly Ohio would never recognize power in the court of another state to entertain jurisdiction over a suit to recover real property located in Ohio; yet Ohio does recognize that a court of equity in another state has the power, acting in personam, to determine equities between the parties in

realty located in Ohio and to compel parties to convey such realty. **Burnley v. Stevenson, 24 Oh St, 474.** See also, **Miller v. Bieghler, 123 Oh St 227.** Similarly, though a court in one county generally has no jurisdiction over a suit to recover real property located in another county, nevertheless a court of equity in one county has the power, acting in personam, to determine equities between the parties in real property located in another county and to compel parties to convey such realty.

**McCamey v. Adelphie Land Co.,** Case No. 6491, 4 Abs 324, 748, decided by our Court of Appeals, is a compelling analogy. There it was held that our Common Pleas Court has jurisdiction over an action brought by a vendor to cancel a land contract relating to land located in another county. The vendee in such a situation has an interest in real estate (40 **O. Jur. 1006, 1008, Section 92**), nevertheless jurisdiction was upheld.

Accordingly, defendants' demurrer to jurisdiction is overruled.