273 P.2d 168

CALDER et al.

v.

THIRD JUDICIAL DISTRICT COURT IN AND FOR SALT LAKE COUNTY et al.

MERRILL v. CALDER et al.

Nos. 8155, 8159.

Supreme Court of Utah.

July 21, 1954.

Elias Hansen, Salt Lake City, George K. Fadel, Bountiful, for appellants.

Grant Macfarlane, Salt Lake City, for respondents.

WADE, Justice.

These two cases were ordered consolidated by this Court upon stipulation of the parties because about the same issues are involved in both. One is an appeal and the other is a petition for a writ of mandamus.

Charles S. Merrill brought an action in Salt Lake County, Utah, seeking rescission on the ground of fraudulent misrepresentation made in that county of a contract to purchase from the Calders 200 acres of land situated in Davis County, Utah. A part of this land was definitely described but the larger portion was to be selected in one tract by the buyer within 60 days from a larger tract described in the contract and belonging to the sellers. The Calders filed a motion in this action for a change of venue to Davis County, where they resided and where the subject matter of the contract is situated, and where the obligations thereunder were to be performed. This motion was denied. The Calders then answered the complaint and filed counterclaims seeking specific performance of the contract or damages for its breach. They also filed a motion for an order requiring Merrill to make a selection of the property involved as provided in the contract, or in lieu thereof, if Merrill refused to do so, to appoint three referees to make the selection for him. This motion was not acted upon by the court, but a motion to dismiss the counterclaims on the grounds that they did not state facts sufficient to constitute a claim against Merrill was granted. The appeal and the petition for the writ of mandamus were brought by the Calders to determine whether the court erred in refusing to change the venue and in dismissing their counterclaims.

We shall first consider whether the court erred in dismissing the counterclaims. It is the contention of Merrill that because he failed to make the selection, the description of the greater portion of the property was so vague and uncertain as to render the contract unenforceable under the provisions of Section 25–5–3, U.C.A.1953, which is a part of the Statute of Frauds, which provides that a contract or a memorandum thereof for the sale of land is void unless it is in writing.

There is no question here but that the tract from which the selection was to be made by Merrill was sufficiently described in the contract. The question is whether under the statute of frauds the description is sufficient so that there is a valid contract which can be enforced either by specific performance or for damages for the breach thereof where the contract provides that one of the parties is to make the selection. On that question there are cases to be found going both ways. As stated in 49 Am.Jur., Sec. 350, pages 660–661:

"There is a definite conflict in the result of cases determining the sufficiency under the statute of frauds of a description in a land contract which gives one of the parties the right to

select the particular tract to be conveyed, but the diversity in result appears to be due in part at least to the circumstance present in some cases but absent from others that the description located the property from which the tract to be conveyed was to be selected * * *. The weight of authority is to the effect that a selection in accordance with the terms of the agreement renders the contract absolute, especially where the selection was to be made out of lands located by the contract, since by thus resorting to matters referred to in the contract, the particular lands to be conveyed are definitely located.

"According to some authorities, the actual making of a selection under the agreement is not essential to satisfy the statute. The view is that the right to make the selection is sufficient to satisfy the statute, since it gives a means by which the particular property to be conveyed is to be definitely located. It is to be observed, however, that in some of the cases supporting this position the fact was that the selection was to be made from a larger tract described in the written agreement. Other authorities vigorously maintain the view that under a contract which not only does not attempt to describe the subject matter, but expressly provides that its identity shall be fixed by acts to be subsequently performed by one of the parties, no court prior to the performance of such act can say that any certain land is embraced in the writing or give validity to it as a contract for the sale of any land, either directly, by enforcing its specific performance, or indirectly, by awarding damages for its breach. Some authorities apparently maintain this view notwithstanding the contract calls for the selection to be made out of lands described in the contract. It has been held that where the purchaser agrees to make the selection, he is not thereby estopped to assert the invalidity of the contract for failure sufficiently to designate the land, since the undertaking of the purchaser is in effect no more than an oral contract on his part thereafter to enter into a binding contract of purchase which is to the same extent as a present contract of purchase within the operation of the statute. At least some of the authorities which take the position that a party who has agreed in writing to select lands cannot void the obligation to which he has thus committed himself, merely by refusing to act at all, concede that an oral selection is not enough to convert the contract into one for the conveyance of the specific tract selected."

To the same effect see Annotations in 34 L.R.A.,N.S., pages 147 to 150.

■ It is Merrill's contention that by its holding in Reed v. Lowe, 8 Utah 39,

29 P. 740, this Court has aligned itself with those jurisdictions whose cases hold that a contract such as is involved in the instant case is unenforceable under the statute of frauds for uncertainty in the description. In that case the parties did not agree to have one of them make the selection; although the court states the selection was to be made "at the option of the purchaser", the contract, which is set out in full in the opinion, does not contain any such provision. As stated in Scanlon v. Oliver, 42 Minn. 538, 44 N.W. 1031 on page 1032, in distinguishing cases where the contract gave one of the parties thereto a right of selection from the one it held unenforceable because it provided that the particular piece to be conveyed was to be mutually agreed upon between the parties:

" * * * Counsel contends that the writing is a complete contract, because it provides a mode by which the location and description of the land is to be definitely determined, but the trouble is that the mode provided is the future agreement of the parties. All the cases cited in support of this contention are like those of Burgon v. Cabanne [42 Minn. 267, 44 N.W. 118], and Brown v. Munger [42 Minn. 482, 44 N.W. 519], where the writings provided definite means by which the land was to be ascertained and known, without any further agreement of the parties, as where one party had the exclusive right of selection. But the agreement was completed and closed. * * *"

In the Reed v. Lowe case the mode to be used in definitely locating and describing the land was not provided for in the written agreement of the parties. In the instant case the contract specifically provides that Merrill was to select the land within a given time. As far as the contract was concerned, nothing more had to be agreed upon between the parties nor was it uncertain in that respect. As stated in Peckham v. Lane, 81 Kan. 489, 106 P. 464 on page 466, 25 L.R.A.,N.S., 967:

" * * * No reason is apparent why a person may not make a valid contract that he will sell to another one of several pieces of real estate of which he is the owner, to be selected by himself. When an agreement to that effect is written out and signed, it is a complete contract, all of the terms of which are expressed in writing. The owner agrees that he will first make the selection and then make the conveyance. If he refuses to do either, a court may compel him to do both. * * * But he cannot avoid the obligation to which he has committed himself in writing, merely by refusing to act at all. This seems so obvious that the citation of authorities is hardly necessary. The principle, however, is illustrated with more or less fullness in the following cases: Ellis v. Burden, 1 Ala. 458, 466; Carpenter v. Lockhart, 1 Ind. 434; Washburn v. Fletcher, 42 Wis. 152; Fleishman v. Woods, 135 Cal. 256, 67 P. 276."

See also Hamilton v. Stekoll Petroleum Co., Tex.Civ.App., 250 S.W.2d 645, 651. From what we have said it follows that we are of the opinion, and so hold, the writing in this case is a valid, enforceable contract, and the court erred in dismissing the counterclaims. If the district court should find after remand and trial that specific performance is the proper remedy and Merrill should refuse to make a selection, the court could appoint commissioners or referees to make the selection for him. Although the contract provides that the selection was to have been made within 60 days, such a provision could only have been included for the benefit of the sellers and they can waive that condition if they so desire.

Should the court have granted the motion for change of venue? It is the Calders' contention that their motion for a change of venue should have been granted because the suit involved an interest in real property and under the provisions of Section 78-13-1, U.C.A.1953, actions for "the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest; and for injuries to real property" must be tried in the county where the subject matter or part of it is situated, subject to the power of the court to change the place of trial under the provisions of the Judicial Code. They also contend that since a written contract is involved in which it is provided that the obligation is to be performed in Davis County, the provisions of Section 78-13-4 applies. That section reads as follows:

"When the defendant has contracted in writing to perform an obligation in a particular county of the state and resides in another county, an action on such contract obligation may be commenced and tried in the county where such obligation is to be performed or in which the defendant resides."

On the other hand, Merrill contends that he has not brought a suit to determine an interest in real property but, one for the rescission of a contract which is a transitory as distinguished from a local action, and also that he is not seeking an action on a contract obligation, therefore neither of the above sections apply but rather Section 78-13-7, U.C.A.1953, which provides:

"In all other cases the action must be tried in the county in which the cause of action arises, or in the county in which the defendant resides at the commencement of the action; * *."

Under the common law a transitory action is one which might be tried wherever personal service could be obtained on the defendant, whereas a local action is one which can arise in one place only and therefore must be tried in the place where the cause of action arose. 56 Am.Jur., pages 5 and 6. Also see pages 15 and 16, wherein it is stated that statutes similar to our Section 78-13-1, U.C.A.1953 are more or less declaratory of common law principles in regard to venue and if the main question in the action involves title to real property,

it is a local action and must be brought within the county where the land is situated, but this is not so where the question of title or interest in real property is only incidental to the main controversy. In State ex rel. Barrett v. District Court of Pine County, 94 Minn. 370, 102 N.W. 869, 871, 3 Ann.Cas. 725, it was held that a suit seeking cancellation of a contract for the sale of land on the ground of fraud and for the recovery of the purchase price was a transitory and not a local action. In so holding, the Minnesota court quoted with approval from the New York case of Ely v. Lowenstein, Sup.Ct.Spec.T., 9 Abb.Pr., N.S., 42, the following: " 'The Inquiry is, what is the cause of action? Is it alleged fraud which vitiates the contract, or is it an alleged right or interest growing out of the contract, that is to be tried and determined? The two things are essentially and radically different; it is only by confounding them that this can be made to appear a local action.' " See also the note to this on pages 727 and 728, Vol. 3, Ann.Cas., wherein it is stated about the New York case cited above:

"It was held that an action to set aside a contract for the sale of land on the ground of fraud is not an action for the recovery of real property or an estate or interest therein, or for the determination in any form of such right or interest, within the meaning of the provisions of the Code of Civil Procedure requiring such an action to be tried in the county in which the subject of the action or some part thereof, is situated. The court said: 'The question to be litigated is the same precisely that it would be if such contract related to the sale of personal property, or to any other right or interest. The contest is about the contract, and not the quantum of interest acquired through or by means of it. The judgment would determine only whether there was any such contract subsisting and in force.' "

See also Domby v. Domby (Ohio Com. Pl.), 97 N.E.2d 104.

■ Since the plaintiff in the instant case seeks a rescission of the contract and not a determination of an interest in real property, the provisions of Section 78–13–1, U.C.A. do not apply and the court did not err in refusing to grant a change of venue on that ground. We are strengthened in our opinion that an action for rescission of a contract for the sale of real property on the grounds of fraud or mistake is not one in which the gravamen of the action is the determination of a right or interest in real property by a decision of this court in Davidson v. Salt Lake City, 95 Utah 347, 81 P.2d 374, 118 A.L.R. 195. That was a case in which the plaintiff sought to have a deed cancelled on the ground of fraud. We there held that the statute of limitations relating to fraud and deceit was applicable rather than the ones pertaining to actions for the recovery of real property.

Although no question of venue was involved, the situation is analogous, for there is necessarily implied in the decision that the gravamen of an action for cancellation of a deed is fraud and deceit and not a right in real property, even though if cancellation were granted it would affect a right in real property.

■ We are of the opinion that Section 78–13–4, U.C.A.1953, also does not apply because the action was not brought to enforce any terms of the contract or the obligations contained therein, but rather to determine whether a contract subsisted.

■ The Calders further contend that there was no evidence from which the court could have found that the action was properly commenced in Salt Lake County, since the only allegation to the fact that the fraudulent statements were made in Salt Lake County was an unverified amendment to the complaint to that effect by the attorney for Merrill. Rule 11, Utah Rules of Civil Procedure, provides that where a party is represented by an attorney, pleadings shall be signed by the attorney and that such signature "constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information and belief there is good ground to support it, * * *." It also provides that except where it is otherwise specifically provided by rule, pleadings need not be verified or accompanied by affidavit. Verification no longer being necessary, the amendment by the attorney of the facts stated in the complaint were as sufficient to establish those facts as they would have been by a verified complaint before the changes made by Rule 11. Unless the Calders had specifically controverted that Salt Lake County was the place where the alleged fraudulent statements, if any, were made, the allegations of the complaint made in good faith determines the venue to be invoked even though there is a possibility that there will be a failure to maintain it on the merits of the suit. See 67 C.J. 24; McKee v. McKee, Tex.Civ.App., 12 S.W.2d 849. The Calders having failed to specifically deny that if there were any fraudulent statements made they were not made in Salt Lake County, the allegations of the complaint to that effect were sufficient to invoke venue.

Reversed with instructions to proceed in accordance with this opinion. Each party to bear his own costs.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.