ALVIN DELANEY AND LUCILLE DELANEY, APPEL-
LANTS, *v.* DORIS T. SHELLABARGER, RESPOND-
ENT.

No. 4219

July 8, 1960 353 P.2d 903

*Ralph M. Tucker,* of Reno, for Appellants.

*Paul D. Laxalt,* of Carson City, for Respondent.

## OPINION

By the Court, PIKE, J.:

This is an appeal from a judgment of the trial court granting to respondent permanent injunctive relief, $85 special damages, and $5,000 punitive damages.

The singular surname is used throughout this opinion to represent both husband and wife.

Respondent's complaint alleged the granting on August 22, 1955 to respondent and her deceased husband of a right-of-way passing through a portion of the NW¼ of the NW¼, Sec. 25, T. 13 N., Range 18 E., M.D.B. & M.; the construction by respondent of a pipeline over the same to respondent's land adjacent thereto; that during the period January 1 through June 15, 1958 defendants had deliberately and maliciously cut and otherwise damaged said pipeline, thereby stopping the flow of water to plaintiffs' dwelling house and land.

Appellants' answer, after denying the allegations of respondent's complaint, by way of counterclaim, sought damages alleged to have been caused to defendants by reason of a restraining order which had been issued by the trial court upon the application of respondent.

The trial court recognized the validity of the grant of right-of-way dated August 22, 1955, and refused to recognize the validity of a certain contract and option dated March 1, 1954 by reason of its being "* * * so indefinite in its terms as to be unenforcible in its executory parts" because of a right of selection given the purchaser as hereinafter detailed.

Appellants in support of their claim that their land was not servient to the right-of-way had relied upon the recordation on August 2, 1954 of such contract as having given constructive notice of certain rights on the part of one Palady so as to defeat the validity of the grant of the right-of-way subsequently made to respondent. Under

the terms of such contract one West had agreed to sell to Palady and Palady had agreed to buy from West 520 acres out of a tract of 3,518.91 acres and to pay for the same within a period of five years, with the right of selection of the particular 520 acres given to Palady.

On August 25, 1954 West deeded to Palady a tract containing 40 acres. The particular land covered by such conveyance is not involved in the present controversy, and the conveyance appears to have significance only as having apparently been made pursuant to the contract above referred to.

Placerville Lumber Company, a partnership, by deed from West dated March 30, 1955, had received title to all of the lands designated in the West-Palady contract, with the exception of the 40-acre tract previously conveyed by West to Palady. The grant of easement made by the partnership to respondent on August 22, 1955 was recorded on August 25, 1955.

The record shows appellants to be the purchasers of a ten-acre tract under a contract of sale with Lindberg Investment company as seller. Although such contract, and certain of the other mesne conveyances under the title derived by Palady from West, contain reservations of rights-of-way, the language of such reservations shows each of them to have been personal to the particular grantor and his successors, and that the descriptions contained no exception of the right-of-way claimed by respondent.

Appellants urge that the trial court erred in finding the West-Palady agreement of March 1, 1954 to be unenforcible.

Appellants contend that the easement would materially affect the right of Delaney to a conveyance of title free from restrictions on the use of the land, and that both Placerville Lumber Company as grantor of the easement and Shellabarger as grantee were chargeable with knowledge that Palady, and his successors in interest, should he select this particular tract, were entitled to receive it free from any such restriction. The point is well taken.

The authorities are to the effect that a contract for the sale and purchase of a part of a larger parcel of land, which gives the purchaser the right to select the particular part, does not for this reason alone render the contract unenforcible. DeRemer v. Anderson, 41 Nev. 287, 169 P. 737, 25 A.L.R. 775; Calder v. Third Judicial District Court, 2 Utah 2d 309, 273 P.2d 168, 46 A.L.R. 2d 887; Kelley v. Russell, 50 Cal.App.2d 520, 123 P.2d 606; Fleishman v. Woods, 135 Cal. 256, 67 P. 276; Brown v. Munger, 42 Minn. 482, 44 N.W. 519; Dozier v. Troy Drive-In Theatres, 265 Ala. 93, 89 So.2d 537; Peckham v. Lane, 81 Kan. 489, 106 P. 464, 25 L.R.A., N.S., 967; 49 Am.Jur. 660, Statute of Frauds § 350. Because we construe the contract to be valid and enforcible, when recorded it gave notice of its provisions to respondent at the time respondent received her grant of easement. NRS 111.320. In effect it gave notice that should Palady or anyone succeeding to his rights under his said contract with West, select and pay for the particular areas, selected and paid for in accordance with the contract, such person would then be entitled to receive a conveyance of the character specified in the contract.

The trial court, having construed the West-Palady contract as void, found it unnecessary to consider any of the conveyances from Palady made subsequent thereto, and found in effect that West's deed to Placerville Lumber Company gave the latter and its successors in interest, including respondent, rights paramount to Palady and his successors in interest. Accordingly, this case is remanded to the trial court with instructions to grant a new trial to determine the rights of the parties in view of our holding herein that the West-Palady contract is valid and enforcible. Reversed and remanded. No costs allowed.

McNAMEE, C. J., and BADT, J., concur.